# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
(Heard at Kingsport)

FILED

**February 23, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

FOR PUBLICATION

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | **Filed:  February 23, 1998** |
| | ) | |
| Appellee, | ) | Hon.  Rex Henry Ogle, |
| | ) | Judge |
| Vs. | ) | |
| | ) | BLOUNT COUNTY |
| DOUGLAS BRIAN IRWIN, | ) | |
| | ) | Supreme Court |
| Appellant. | ) | No. 03-S01-9702-CC-00021 |
| | ) | |

APPELLANT
Gerald C. Russell
125 E. Broadway
Maryville, Tennessee

FOR APPELLEE:
John Knox Walkup
Attorney General & Reporter

Michael E. Moore
Solicitor General

Kathy M. Yacuzzo
Assistant Attorney General
425 Fifth Avenue, North
Nashville, Tennessee

Michael Flynn
District Attorney General
5th Judicial District
Maryville, Tennessee

Edward P. Bailey
Assistant District Attorney General
Maryville, Tennessee

# O P I N I O N

AFFIRMED.                                                    DROWOTA, J.

On June 7, 1993, the defendant was charged in a one count indictment with contributing to the delinquency of a minor in violation of Tenn. Code Ann. § 37-1-156 (1996 Repl. & Supp. 1997) as follows:

> DOUGLAS BRIAN IRWIN, on the 18th day of December 1992, in Blount County, Tennessee, and before the finding of this indictment, did unlawfully contribute to the delinquency of [S.A.], a child under 18 years of age, by engaging in sexual intercourse with said child, all of which is against the peace and dignity of the State of Tennessee.

On September 28, 1993, the defendant moved to dismiss the indictment "because it does not charge a crime." The next day, the defendant withdrew the motion to dismiss and on December 14, 1993, entered a plea of guilty under the indictment. The defendant attempted to reserve for appellate review pursuant to Tenn. R. Crim. P. 37(b)(2)(I),[1] the following question: "Would the act of this sexual intercourse constitute the offense of contributing to the delinquency of a minor under this indictment, number C7302?"

The trial court accepted the defendant's guilty plea, but did not sentence the defendant on the conviction. Indeed, no order was entered reflecting the trial court's acceptance of the plea agreement and the purported certified question of law until the case was pending on appeal in the Court of Criminal Appeals. On August 10, 1994, the trial court, with the permission of the Court of Criminal Appeals, then filed an "Amended Order Accepting Plea of Guilty." In that order,

---

[1]Rule 37(b)(2)(I), Tenn. R. Crim. P., provides in pertinent part as follows:
> (b) An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction: (2) Upon a plea of guilty or nolo contendere if: (i) Defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case. . . .

-2-

the certified question was set out and the trial court stated that a sentence would be imposed after the intermediate court rendered its decision. However, the Court of Criminal Appeals did not reach the merits of the certified question, but concluded instead that it had no jurisdiction because no final judgment of conviction had been entered since the trial court had neither ruled upon the merits of the purported certified question, nor imposed a sentence on the conviction. Accordingly, the appeal was dismissed.

The case went back to the trial court for sentencing, and on July 11, 1995, the trial court entered a judgment imposing sentence for the defendant's conviction.[2] The final judgment of conviction entered by the trial court did not purport to set forth a certified question for review. Nonetheless, the defendant sought to appeal to the Court of Criminal Appeals, and for statement of the certified question, relied upon the August 10, 1994, order entered by the trial judge which the Court of Criminal Appeals previously had held to be insufficient as a final judgment of conviction.

This time, the Court of Criminal Appeals affirmed the judgment of the trial court, noting that, unlike the allegation in the defendant's withdrawn motion to dismiss the indictment, the question purportedly certified for appeal did not assert that the indictment failed to state a criminal offense. Instead, the certified question asked the court to decide if the defendant is guilty of contributing to the

---

[2]The defendant was sentenced to eleven months and twenty-nine days, all of which was ordered to be served on supervised probation, ordered to perform three hundred hours of community service, ordered to participate in sex counseling, and ordered to refrain from contacting the victim or her family.

delinquency of a minor based upon the facts stipulated by the parties.  Quoting

from its prior decision, the intermediate court concluded that the stipulated facts

were inadequate to permit review, and further held that the defendant had waived

any complaint regarding the sufficiency of the indictment by withdrawing his

motion to dismiss.

Thereafter, we granted the defendant permission to appeal and, after

carefully reviewing the record, now conclude that the defendant failed to properly

reserve a certified question of law in accordance with Rule 37, Tenn. R. Crim. P.

Accordingly, we affirm the judgment of the Court of Criminal Appeals.[3]

### CERTIFICATION

Rule 37(b)(2)(i), Tenn. R. Crim. P., provides in pertinent part as follows:

> (b) An appeal lies from any order or judgment in a criminal
> proceeding where the law provides for such appeal, and from any
> judgment of conviction: (2) Upon a plea of guilty or nolo contendere
> if: (i) Defendant entered into a plea agreement under Rule 11(e) but
> explicitly reserved with the consent of the state and of the court the
> right to appeal a certified question of law that is dispositive of the
> case. . . .

In State v. Preston, 759 S.W2.d 647 (Tenn. 1988), this Court explained the

requirements of Rule 37(b) as follows:

> Regardless of what has appeared in prior petitions, orders, colloquy
> in open court or otherwise, the final order or judgment from which
> the time begins to run to pursue a T.R.A.P. 3 appeal *must contain a*
> *statement of the dispositive certified question of law reserved by*

---

[3] Oral arguments were heard in this case on November 21, 1997 in Kingsport as part of this Court's S.C.A.L.E.S. (Supreme Court Advancing Legal Education for Students) project.

*defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. . . .* Also, the order must state that the certified question was expressly reserved as part of the plea agreement, that the State and the judge are of the opinion that the question is dispositive of the case. *Of course, the burden is on defendant to see that these prerequisites are in the final order* and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

Id., 759 S.W.2d at 650 (emphasis added); see also State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996).

Contrary to the explicit and unambiguous requirements of Preston, the final judgment in this case, entered on July 11, 1995, from which the time for filing an appeal pursuant to Rule 3, Tenn. R. App. P., began to run, makes no reference at all to a reservation of a dispositive question of law for appellate review. Moreover, this judgment does not refer to, nor incorporate, any other independent document which would satisfy the requirements of Preston.

Relying upon the trial court's order of August 10, 1994, the defendant argues that the question has been properly reserved for review. We point out that, in the first appeal of this case, the Court of Criminal Appeals held that order insufficient to qualify as a final judgment. Moreover, since that time, we have specifically held that an order entered by a trial court after the filing of the notice of appeal in the Court of Criminal Appeals is not effective to remedy noncompliance with Rule 37, Tenn. R. App. P., because the trial court no longer has jurisdiction. Pendergrass, 937 S.W.2d at 837-38. The August 10, 1994, order in this case falls

squarely within that rule. Accordingly, the defendant may not rely upon that order to establish compliance with Rule 37 and <u>Preston</u>.

## <u>CONCLUSION</u>

After carefully reviewing the record, we have determined that the defendant failed to properly reserve the right to appeal a certified question of law in accordance with the requirements of Rule 37, Tenn. R. Crim. P. Accordingly, the decision of the Court of Criminal Appeals upholding the trial court's judgment finding the defendant guilty of contributing to the delinquency of a minor and imposing a sentence thereon is affirmed.

_____
FRANK F. DROWOTA, III
Justice

**Concur:**

Anderson, C.J.
Reid, Holder, JJ.

Birch, J - Not Participating.