IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**FILED**

July 30, 1998

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. NO. 01C01-9710-CC-00471 |
| Appellee, | ) |
| | ) HUMPHREYS COUNTY |
| VS. | ) (No. 9156 Below) |
| | ) |
| **ROBERT FOX,** | ) The Hon. Allen W. Wallace |
| | ) |
| Appellant. | ) (Certified Question of Law) |
| | ) |

# O R D E R

This matter is before the Court upon the state's Motion to Dismiss. Specifically, the state contends that the appellant failed to properly certify the questions of law raised in this appeal. The appellant opposes the motion. Upon reviewing the pleadings and the entire record on appeal, we find that the appellant has failed to properly reserve the right to appeal a certified question of law, and therefore, we dismiss the appeal.

The appellant pled guilty to possession of over 70 pounds of marijuana. Under special conditions, the judgment states "[t]he Court's rulings on pre-trial motions are cetified [sic] for appeal as dispositive. It is understood that the defendant will file a notice of appeal and receive a hearing on the merits of the appeal in the Court of Criminal Appeals." The judgment is signed by the trial judge and by the attorney for the state. There are two pre-trial orders. One order overrules a motion to inquire whether circumstances exist which would create the appearance that the court was not impartial, and the other order denies the appellant's motion to suppress. No specific issues regarding the suppression are set forth in the order.

In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), our Supreme Court held:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved.

Id. at 650. See also, State v. Pendergrass, 937 S.W.2d 834, 837-38 (Tenn. 1996). It appears that our Supreme Court relaxed the Preston requirements to some extent by

allowing a certified question to be incorporated in an independent document.  See State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998).

In its motion to dismiss, the state contends that the appellant has failed to comply with any of the requirements set forth in Preston.  This conclusory statement is overbroad.  It is clear that the pre-trial orders were incorporated in the judgment and that the trial court and the attorney for the state, by their signatures, consented to the reservation of the issues raised in those orders and believed the issues to be dispositive of the case.  However, a "question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved."  Preston, 759 S.W.2d 647, 650.  Here, the issues are not clearly stated in the judgment or in the pre-trial orders.  Moreover, we are unable to determine how the issue of whether the trial court erred by denying a motion to recuse himself in this case could be dispositive.

Accordingly, after carefully reviewing the record and the pleadings in this case, we find that the appellant has failed to properly reserve the right to appeal a certified question of law in accordance with the requirements of Tenn. R. Crim. P. 37, and the appeal is hereby dismissed.  Costs are taxed to the appellant.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JERRY L. SMITH, JUDGE

_____
THOMAS T. WOODALL, JUDGE