IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE V. ROBERT BASSETT BROWN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-T-754    J. Randall Wyatt, Jr., Judge**

_____

**No. M1999-00867-CCA-R3-CD - Decided April 28, 2000**
_____

The defendant entered a plea of guilty to DUI reserving a certified question of law pursuant to T.R.Cr.P. 37 (b)(2)(i). The defendant failed to properly reserve the certified question, and, therefore, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

ACREE, Special J., delivered the opinion of the court, in which GLENN, J. and RILEY, J. joined.

V. Michael Fox, Nashville, Tennessee, for the appellant, Robert Bassett Brown.

Paul G. Summers, Attorney General & Reporter, Elizabeth T. Ryan, Assistant Attorney General, Victor S. Johnson, III, District Attorney General, Kristen Shea, Assistant District Attorney General, for the appellee, State of Tennessee .

## OPINION

The record reflects that the defendant was stopped by an officer of the Metro Police Department in Nashville for a traffic violation. The basis for the stop was that the defendant failed to use a turn signal while making a right hand turn which was in violation of a Metro ordinance. After stopping the defendant, the officer observed that the defendant had been drinking. The defendant was arrested for DUI.

The defendant filed a motion to suppress the evidence obtained as a result of the stop. The basis of the motion was that under State law, the defendant was not required to make a turn signal because there were no other vehicles at the intersection. See. T.C.A. §55-8-142 and T.C.A. §55-8-143. The defendant argued that the Metro ordinance, which is more restrictive than the State statute because the ordinance requires a turn signal for all turns, conflicts with the statute and is unconstitutional. The defendant argued that because the ordinance was unconstitutional, the stop made by the officer was unlawful. The trial court denied the motion to suppress.

The defendant later entered a plea of guilty to DUI and attempted to reserve a certified question of law for appeal as a condition of his guilty plea under T.R.Cr.P Rule 37 (b)(2)(i). The defendant undertook to reserve the question by writing it on the bottom of the plea agreement and referring to it in the judgment. However, the copy of the plea agreement in the record on appeal was not clearly copied, and part of the question was omitted. From reading the record as a whole, it appears that the issue the defendant has attempted to reserve is whether the city ordinance is unconstitutional, and, if so, was the stop made by the officer unlawful.

Preliminarily, the State argues that the appeal should be dismissed because the defendant failed to properly reserve the certified question of law. T.R.Cr.P. Rule 37 (b)(2)(i) provides that an appeal lies upon a plea of guilty if the defendant entered into a plea agreement under Rule 11 (e), but explicitly reserved with the consent of the State and of the court the right to appeal a certified question of law that is dispositive of the case. In State v. Preston, 759 S.W.2d 647 (Tenn. 1998), the Supreme Court set forth the requirements for reserving a certified question of law pursuant to this rule. Preston requires that "the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review, and the question of law must be stated so as to clearly identify the scope and limits of the legal issue". Id, at 650. The judgment may refer to or incorporate another independent document to satisfy the requirements of Preston. State v. Irving, 962 S.W.2d 477, 479 (Tenn. 1998). Preston also requires that "the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case." Preston, at 650.

The State argues that the defendant has failed to properly certify the question of law for two reasons. First, the certified question is not clearly stated because the question is incomplete. From reviewing the record, it appears the omission was a result of a clerical mistake when the record was copied. Although the appellant has the responsibility of filing a complete and accurate record, we will not dismiss this appeal because of the clerical error. The second reason advanced by the State for dismissing the appeal is that the final order did not state that the certified question was expressly reserved as a part of the plea agreement, that the State and the trial judge consented to the reservation, and that the State and trial judge are of the opinion that the question is dispositive of the case. See Preston, at 650. We have reviewed the record including the judgment and the plea agreement and find the defendant failed to include this language in the record. Such an omission is fatal to this appeal.

In conclusion, we hold that the certified question was not properly reserved because the final order did not state that the certified question was expressly reserved as a part of the plea agreement, that the State and the trial judge consented to the reservation, and the State and trial judge are of the opinion that the question is dispositive of the case. The appeal is dismissed.

William B. Acree, Jr., Special Judge
Joe G. Riley, Judge
Alan E. Glenn, Judge