IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
March 6, 2001 Session

## STATE OF TENNESSEE v. LILLIE FRAN FERGUSON

**Appeal from the Circuit Court for Madison County**
**No. 99-938     Roger Page, Judge**

---

**No. W2000-01687-CCA-R3-CD  - Filed April 27, 2001**

---

The Defendant, Lillie Fran Ferguson, pled guilty to possession with intent to sell or deliver less than .5 grams of a Schedule II controlled substance and to failure to obey a stop sign.  As part of her plea agreement, she expressly reserved with the consent of the trial court and the State the right to appeal certain certified questions of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2) relating to the frisk of her person and the subsequent seizure of contraband.  In this appeal, the Defendant asserts that the trial court erred by refusing to suppress the evidence obtained against her as the result of an unlawful frisk.  She claims that the officer did not have reasonable suspicion that she was armed and dangerous, thereby warranting a Terry pat-down, and that the incriminating nature of the crack pipe felt by the officer during the pat-down was not immediately apparent within the meaning of the "plain feel" doctrine.  However, because the Defendant failed to properly certify her issues for review, we are unable to reach the merits of her case.  Accordingly, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Lloyd Tatum, Henderson, Tennessee, for the appellant, Lillie Fran Ferguson.

Paul G. Summers, Attorney General and Reporter; Laura E. McMullen, Assistant Attorney General; Jerry Woodall, District Attorney General; and James Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On August 5, 1999, at approximately 8:00 p.m., Officer Jeff Shepard of the Jackson Police Department saw the Defendant, a sixty-one-year-old white female, enter a house in Jackson, Tennessee. Officer Shepard was conducting surveillance on the house due to multiple anonymous tips that crack cocaine was being sold at the house.  About two days before, Officer Shepard had arrested two men for possession of crack cocaine after they left the alleged "crack house."  Based

on the anonymous tips and the prior arrests, Officer Shepard suspected that the Defendant might possess crack cocaine when she left the house.

Officer Shepard followed the Defendant and initiated a traffic stop when she failed to stop at a stop sign. Officer Shepard directed the Defendant to get out of her car, and he "conducted a safety pat down of her person." During the frisk, he felt an object which he perceived to be a crack pipe in her pants pocket. Officer Shepard asked the Defendant whether she had any narcotics or contraband on her, and she replied, "Yes, sir," and pulled out the crack pipe. Officer Shepard then asked the Defendant whether she had any crack on her, and she again replied, "Yes, sir," and pulled several rocks of crack cocaine from her shirt pocket. A search of the Defendant's car revealed another crack pipe and more crack cocaine.

On June 14, 2000, the Defendant entered a guilty plea pursuant to Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure. On the same day, the trial court entered a "Final Order" accepting the guilty plea and setting forth the Defendant's certified questions of law. The "Final Order" explicitly stated that the Defendant was reserving with the consent of the court and the State the right to appeal certified questions of law which are dispositive of the case. The certified questions were set forth as follows:

> whether the detention of the defendant after being cited for running a stop sign was lawful; whether the officer was justified in conducting a Terry search of the defendant's person was lawful [sic]; and whether the subsequent seizures of contraband from the defendant's person and vehicle were lawful.

Twelve days later, on June 26, 2000, judgment was entered against the Defendant. The judgment form stated, "This plea taken pursuant to Rule 37, Tenn. Rules Crim. Proc." It stayed some conditions of probation "pending the outcome of the defendant's appeal," and the judgment provided that other conditions of probation were not "stayed by the Defendant's appeal." It did not set forth any certified questions of law or make reference to the "Final Order," which did set forth the issues.

Tennessee Rule of Criminal Procedure 37(b) provides that an appeal lies from any judgment of conviction

> (2) Upon a plea of guilty or nolo contendere if:
>
> (i) Defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case; or
>
> . . .
>
> (iv) Defendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case.

In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), our supreme court set forth the following prerequisites for appellate review of certified questions pursuant to this Rule of Criminal Procedure:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. . . . Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

Id. at 650 (emphasis added); see also State v. Pendergrass, 937 S.W.2d 834, 836-37 (Tenn. 1996). If the judgment itself does not satisfy the requirements of Preston but does refer to or incorporate another document which would satisfy those requirements, then the certification of issues will be sufficient for appellate review. See State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998); Pendergrass, 937 S.W.2d at 837.

In this case, the judgment merely states, "This plea taken pursuant to Rule 37." Obviously, this statement does not satisfy the strict requirements of Preston. More importantly, it does not refer to or incorporate the document entitled "Final Order," which would arguably meet the requirements of Preston. See Irwin, 962 S.W.2d at 479; Pendergrass, 937 S.W.2d at 837. Although Preston refers to both a "final order" and "judgment," it is the judgment of conviction from which time begins to run to pursue an appeal as of right. See Preston, 759 S.W.2d at 650; Tenn. R. App. P. 3(b), 4(a). Thus, titling a document, "Final Order," when the document is not the judgment of conviction from which an appeal lies, will not satisfy the requirements of Preston. We conclude that the judgment document entered pursuant to the mandate of Supreme Court Rule 17 is clearly the "final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal" as referenced by Preston. 759 S.W.2d at 650. Thus, we have no choice but to hold that the Defendant did not properly reserve her certified questions for review. We recognize that the result appears harsh in a case such as this, where the intent of the parties, the express reservation, and the certified questions are readily apparent from the record.

A panel of this Court recently observed,

> In many of these cases the state, defendant and trial court have all agreed (as evidenced by the guilty plea transcript) that the question is properly certified, only to have the state correctly argue on appeal that the certification was not in compliance with Preston, requiring dismissal of the appeal. The dismissal of the appeal leads to an unwieldy result. Since the plea was entered conditionally upon the certified question, the defendant has the opportunity to seek post-conviction relief from the conviction and guilty plea. The defendant, state, crime victims, and the trial court are now back to "square one," in spite of everyone's original agreement as to the substance of the plea agreement. It is then months or years after the original guilty plea. The defendant may re-enter his plea and properly certify the question back to this court. However, the defendant is not required to do so. Thus, in spite of everyone's earlier agreement as evidenced by the transcript of the hearing, the parties are left in a quandary and, at the very least, face even more delay.

> Based upon the documented appellate history of guilty pleas with certified questions of law, we observe that it has become more of a trap than serving its intended purpose. In spite of repeated appellate cautions, the dictates of Preston are simply not being met and, according to its history, will not be met. Along these lines we observe that guilty pleas are often unanticipated until shortly prior to their entry with judgments prepared by the state or trial court and entered without approval by defense counsel. We further note that there is no requirement that either counsel approve the judgment. See Tenn. Sup. Ct. R. 17 (signatures of attorneys "optional"). Unfortunately, it appears there is undue prejudice to the state, crime victims, defendants and all involved in these cases because that which has clearly been agreed upon has not been written on the appropriate document at the appropriate time.

> Accordingly, we hope that Preston and/or Tenn. R. Crim. P. 37 will be re-examined. We intend absolutely no disrespect in this suggestion. We would hope that if the judgment itself does not contain the essential requirements, the appellate courts may still entertain an appeal; provided, it is apparent from other plea documents, the guilty plea transcript, orders entered while the trial court had jurisdiction, or any other proper record before the appellate court that, at the time of the guilty plea, the plea "explicitly reserved with the consent of the State and of the court the right to appeal a certified question of law that is dispositive of the case." See Tenn. R. Crim. P. 37(b)(2)(i) and (iv). If the Preston requirements remain, we would hope that, at the very least, Tenn. R. Crim. P. 37 is amended to specifically incorporate these requirements.

State v. Danny Harold Ogle, No. E2000-00421-CCA-R3-CD, 2001 WL 38755, at *3-4 (Tenn. Crim. App., Knoxville, Jan. 17, 2001).

Nevertheless, the procedural mandate in Preston allows for no exceptions, and this Court has been repeatedly forced to dismiss cases which are not in strict compliance. See, e.g., id.; State v. Jerry A. Murrell, No. E2000-0063-CCA-R3-CD, 2001 WL 15791, at *2-3 (Tenn. Crim. App., Knoxville, Jan. 8, 2001); State v. Robert Bassett Brown, No. M1999-00867-CCA-R3-CD, 2000 WL 502679, at *2 (Tenn. Crim. App., Nashville, Apr. 28, 2000); State v. Andrea McCraw, No. 03C01-9903-CR-00106, 2000 WL 250146, at *2 (Tenn. Crim. App., Knoxville, Mar. 7, 2000), perm. app. denied (Tenn. Nov. 6, 2000).

Accordingly, we must conclude that the Defendant did not properly reserve her certified issues for review. This appeal is therefore dismissed.

_____
DAVID H. WELLES, JUDGE