IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 8, 2004 Session

## STATE OF TENNESSEE v. HARRIL JAY WISDOM

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-51405     James K. Clayton, Jr., Judge**

---

**No. M2002-02664-CCA-R3-CD - Filed July 9, 2004**

---

The defendant pled guilty to violation of a motor vehicle habitual offender ("MVHO") order, a Class E felony, in exchange for a one-year sentence in the Department of Correction. With the permission of the trial court and the State, he sought to reserve as a certified question of law whether the expiration prior to his offense of the three-year time period specified in the order declaring him a MVHO precluded his prosecution for the offense. Because we conclude that the defendant failed to meet the requirements for properly reserving a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2), we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JERRY L. SMITH and JOE G. RILEY, JJ., joined.

Gerald L. Melton, District Public Defender; and Russell N. Perkins, Assistant District Public Defender, for the appellant, Harril Jay Wisdom.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and John W. Price, III, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

On October 1, 2001, the Rutherford County Grand Jury charged the defendant, Harril Jay Wisdom, with violation of a MVHO order and driving on a cancelled, suspended, or revoked license for driving a motor vehicle on April 11, 2001, at a time when he had been declared a MVHO pursuant to an order entered in the Circuit Court of Rutherford County on June 19, 1997. The June 1997 order declaring the defendant a MVHO provided, in part, that the defendant was prohibited from operating a motor vehicle in the state for a period of three years. Although the three-year time

limit had expired by the time of the defendant's offense, he had not taken the steps to have his MVHO status lifted and his license reinstated.

On September 26, 2002, the defendant pled guilty to the MVHO count of the indictment in exchange for a one-year sentence in the Department of Correction, with the second count of the indictment dismissed. The transcript of the guilty plea hearing reveals that the defendant intended that his guilty plea be conditioned on his right to appeal his certified question of law to this court and, further, that both the trial court and the State consented to the reservation of the question for appeal and agreed that the issue was dispositive of the case. The defendant's judgment form, however, which was entered that same day, failed to contain a recitation of the certified question. Instead, the "Special Conditions" section contained the following language: "Amended Judgment to certify question for appeal to be entered. Count 2 dismissed." On October 25, 2002, the defendant filed his notice of appeal. On December 11, 2002, the trial court entered the following "Supplemental Order" which was approved by the assistant district attorney and counsel for the defendant:

> This cause came on to be heard on the 26th day of September, 2002, before Honorable James K. Clayton, Jr., Judge. Based upon the agreement of the defendant in open court, and further based upon the evidence presented and the agreement of counsel for both the State and the Defendant as evidenced by their respective signatures below, it is hereby ORDERED that the following question is certified to the Court of Criminal Appeals for the State of Tennessee, pursuant to Rule 37 of the Rules of Criminal Procedure, to wit:
>
> > **Does the setting forth of a specific period of time for the operation of an order declaring a person to be a motor vehicle habitual offender bar the prosecution of that person under T.C.A. §55-10-616 for an offense that occurs after the expiration of the time period specified in such order?**
>
> Further, as certified by the respective signatures below, the Court, the State and the counsel for the defendant are of the opinion that the certified question is dispositive of the case.

On February 25, 2003, the State filed a motion to dismiss the defendant's appeal on the basis that the question of law was not properly certified to this court. Because we determined that the matter should be fully briefed to ensure proper appellate review, we denied the State's motion by order entered on March 2, 2004. The State filed its brief subsequently to that order, and both parties participated in oral argument before this court.

## ANALYSIS

As a threshold issue, we must first address the State's contention that the defendant's MVHO issue is not properly before this court. Rule 37 of the Tennessee Rules of Criminal Procedure provides, in pertinent part, that an appeal lies from any judgment of conviction upon a plea of guilty or nolo contendere if:

> (i) [T]he defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
>
> (A) the judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review;
>
> (B) the question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>
> (C) the judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and
>
> (D) the judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(i) (2004). The four specific conditions set forth in subsection (b)(2)(i) above were part of an amendment to the rule effective July 1, 2002. Id., Advisory Comm'n Comments. Thus, the amended rule was in effect at the time the judgment was entered in this case.

In his response to the State's motion to dismiss and at oral argument, defense counsel asserted he was unaware of the July 1, 2002, rule change until after the time for filing a notice of appeal had passed, because his office did not receive an update to the Rules of Criminal Procedure until the week of October 21 to October 25, 2002. He argued, therefore, that this court should order the "time for filing enlarged to include the date of the actual filing [of the certified question for appeal]," pursuant to Rule 45 of the Rules of Criminal Procedure, which provides in pertinent part:

> Enlargement. – When an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . (2) upon motion made after the expiration of the

> specified time period permit the act to be done if the failure to act was
> the result of excusable neglect[.]

Tenn. R. Crim. P. 45(b)(2).

The prerequisites for reserving a certified question of law were explained by our supreme court in State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988):

> This is an appropriate time for this Court to make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv). Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. . . . Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified.

Defense counsel was, therefore, put on notice of these requirements not only by the enactment of the amendment to Rule 37, which became effective prior to the entry of the defendant's guilty plea, but also by the issuance of our supreme court's Preston opinion in 1988. See Tenn. R. Crim. P. 37, Advisory Comm'n Comments (stating that "[t]he amendments to subsections (b)(2)(i) and (iv) specify the requirements for certified question appeals mandated by the Tennessee Supreme Court in State v. Preston, 759 S.W.2d 647 (Tenn. 1988)").

We note that this case differs in an important respect from State v. Armstrong, 126 S.W.3d 908, 908-09 (Tenn. 2003), in which our supreme court concluded that a trial court's supplemental order stating the certified question of law for appeal, entered after the filing of the final judgment, met the Preston requirements for properly certifying a question of law to the appellate court. As in the case at bar, the defendant in Armstrong entered into a negotiated plea agreement with the State that was conditioned upon his right to appeal a certified question of law, but the final judgment failed to contain any statement of the certified question or to reference any other document then in existence that stated the question. Id. at 909. Two days after the final judgment was filed, the trial

court entered an "Order Allowing Appeal After Guilty Plea on Certified Question of Law," which stated that the defendant was expressly reserving a question of law with the consent of the trial court and the State, and that both the court and the State were of the opinion that the issue was dispositive of the case. Id. at 909-10. The order additionally contained a full statement of the question reserved for appeal. Id. at 909 n.3. There, our supreme court determined that the trial court's subsequently filed order of correction met the Preston requirements for certifying a question of law for appeal because it was filed *before* the defendant's filing of his notice of appeal, while the trial court maintained jurisdiction over the case. Id. at 912. The Armstrong court explained its reasoning:

> In the present case, the trial court filed a corrective order *nunc pro tunc* two days after the final judgment was entered and before the defendant's filing of a notice of appeal. Unlike [State v.] Pendergrass [937 S.W.2d 834 (Tenn. 1996)] and [State v.] Irwin, [962 S.W.2d 477 (Tenn. 1998)] therefore, the remedial action was taken while the trial court maintained jurisdiction over the case. Moreover, the corrective order entered by the trial court complied with all of the Preston requirements: it identified the question of law certified for appeal; it stated that the question had been reserved for appeal following the defendant's nolo contendere plea; and it stated that the issue was dispositive of the case. See Preston, 759 S.W.2d at 650. Although the final judgment itself did not make reference to a certified question of law, the corrective order was filed *nunc pro tunc* to May 22, 2001, *i.e.*, the date the final judgments were entered while the trial court had jurisdiction in the case to correct omissions or deficiencies in the record under Rule 36 of the Tennessee Rules of Criminal Procedure.

Id.

Here, by contrast, the trial court' supplemental order was filed after the defendant had already filed his notice of appeal to this court. Thus, although the defendant's final judgment referenced an "amended judgment" to be filed in the future that would contain a statement of the certified question, the trial court's subsequently filed "Supplemental Order" cannot serve as a corrective order to rectify the omissions and defects in the defendant's judgment. Our supreme court has repeatedly made clear that the Preston requirements "for appealing a certified question of law under Rule 37 of the Tennessee Rules of Criminal Procedure [are] 'explicit and unambiguous.'" Id. at 912 (quoting Irwin, 962 S.W.2d at 479; Pendergrass, 937 S.W.2d at 837). Because the defendant's judgment form failed to satisfy the Preston conditions, and the trial court's "corrective" supplemental order came too late, we must conclude that the defendant has failed to properly certify his question of law to this court.

## CONCLUSION

Based on the foregoing, we conclude that the defendant's question of law is not properly before this court.  Accordingly, we dismiss this case for lack of jurisdiction.


_____
ALAN E. GLENN, JUDGE