# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 18, 2011

## STATE OF TENNESSEE v. THOMAS G. MCCONNELL

**Appeal from the Circuit Court for Williamson County**
**No. II CR 075042    Timothy L. Easter, Judge**

---

### No. M2011-00675-CCA-R3-CD - Filed December 13, 2011

---

The Defendant, Thomas G. McConnell, pled guilty in the Circuit Court for Williamson County to driving under the influence, second offense, a Class A misdemeanor. See T.C.A. § 55-10-401 (2008) (amended 2010). He was sentenced to eleven months and twenty-nine days, with forty-five days of the sentence to be served. On appeal, he presents a certified question of law regarding the legality of the traffic stop that led to his arrest. Because the certified question was not properly reserved, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and JEFFREY S. BIVINS, JJ., joined.

Venus Niner, Franklin, Tennessee, for the appellant, Thomas McConnell.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Kim R. Helper, District Attorney General; and Kelly A. Lawrence, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

At the suppression hearing, Franklin Police Officer Charlie Richards testified that he was driving on Highway 96 when he saw the Defendant sitting at a flashing yellow light "over the innerpass" near an exit ramp. He saw the Defendant's brake lights illuminated, which caught his attention because there were no other cars on the road. He said that as he approached the Defendant's car from the left lane, it remained motionless in the right lane. The Defendant sat motionless in the driver's seat, but was not slumped over. He could not see the Defendant's hands. He said he decided to stop the Defendant to "check on his welfare and safety." He said he angled his car behind the Defendant's car, at which point the

Defendant drove away. Officer Richards called the dispatcher with the license tag number, location, and description of the car. He said this probably took less than ten seconds. He activated his emergency equipment and stopped the Defendant.

Officer Richards testified that after the preliminary hearing, he measured the distance and amount of time it took to travel from Southwinds Drive to the flashing yellow light where the Defendant was sitting. He said it was seven-tenths of a mile and took fifty-three seconds to travel at forty miles per hour. He said the amount of time the Defendant remained stopped was unusual. Officer Richards acknowledged that he did not see the Defendant's car for the entire time but said there was no other traffic on the road at 1:30 a.m. He said, "There was one set of brake lights on [Highway] 96 as far as the human eye could see." He said that although the Defendant's car started moving,

> [H]e could still be sick, he could still be drunk, he could still be hurt, he could still be – we have a lot of diabetics that go through issues like that driving, there could still be something wrong with him. Just because he began to drive off does not mean everything is okay.

He acknowledged that he had not received any information from the dispatcher before he called with the identifying information for the Defendant's car.

After receiving the evidence, the trial court observed:

> I'm satisfied after doing research that Officer Richards in this case based upon his testimony, had articulable and reasonable suspicion that would make his stop of the defendant's vehicle a valid stop in order for him to conduct a welfare check and to make a determination if there was a violation of the law being committed by this defendant. He testified to a number of specific pieces of evidence, which the Court is satisfied are specific enough to establish articulable and reasonable suspicion.
>
> The conduct of the defendant's car sitting at a flashing yellow light a long period of time that it was and observed by the Officer as he approached, the motionless description of the driver in the seat of the vehicle after the Officer was close enough that he could observe him, the fact this Officer had been able to observe this unusual conduct of this vehicle sitting in the

middle of the road for a significant distance, he testified for approximately seven-tenths of a mile that the defendant was in the lane of traffic and not moving. Sufficient amount of time for this officer to develop a basis for making this stop, and he was able to articulate that for the Court this morning.

Again, based on the testimony of the Officer regarding a number of things, including the time of day, the lack of traffic and just the unusual behavior of this vehicle that he observed is sufficient evidence for the Court to find that there was reasonable suspicion for this Officer to stop the vehicle and to inquire further. Therefore, the Court finds that there was reasonable suspicion for the vehicle to be stopped and therefore the motion to suppress is denied.

The court filed a written order in which it found, "Officer Richards had probable cause, based on reasonable and articulable suspicion, to initiate a welfare check of the Defendant's vehicle." This appeal followed.

The Defendant contends that the trial court erred by denying his motion to suppress. The State contends that this court does not have jurisdiction to review the issue because the Defendant failed to reserve a certified question of law properly. We agree with the State.

Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure provides that an appeal lies from a plea of guilty if the defendant enters into a plea agreement but explicitly reserves with consent of the State and the trial court a certified question of law that is dispositive of the case and satisfies four additional requirements:

(i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

(iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case.

Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv); see also State v. Armstrong, 126 S.W.3d 908 (Tenn. 2003); State v. Irwin, 962 S.W.2d 477 (Tenn. 1998); State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996); State v. Preston, 759 S.W.2d 647 (Tenn. 1988).

The amended judgment states, "Defendant's plea agreement includes the reservation of a certified question of law that the trial judge, district attorney and defendant agree would be dispositive of the case: Whether the motion to suppress should have been granted because the stop of the defendant's vehicle was unlawful." The State argues that the Defendant's question is overly broad and "does not narrowly construe the question and clearly outline the scope and limits of the question." The Defendant replies that the question is not overly broad because it addresses the singular issue of the stop of the Defendant's car.

Upon review, we agree with the State that the question does not clearly identify the scope and limits of the question. As our supreme court has said:

> [T]he question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise.

Pendergrass, 937 S.W.2d at 836 (quoting Preston, 759 S.W.2d at 650). The burden is on the Defendant to ensure that he has complied with the requisites of Rule 37(b). See id.

Contrary to Tennessee Rule of Appellate Procedure 37(b)(2)(A)(ii), the question stated in this case fails to identify the basis upon which the Defendant argues that the stop was illegal. We agree with the State that the Defendant's issue was not properly reserved. We conclude that this court is without jurisdiction to review the question. See, e.g., State v. John Anthony Partin, M2010-00190-CCA-R3-CD, Sequatchie County (Tenn. Crim. App. Feb. 24, 2011); State v. Tobias Toby Horton and Latoya Lynn Townsend, No. W2008-01170-CCA-R3-CD, Obion County (Tenn. Crim. App. Aug. 13, 2009), app. denied (Tenn. Dec. 14, 2009).

In so holding, we acknowledge the Defendant's citation in his reply brief to an unreported decision of this court, <u>State v. Fred Arthur Stier</u>, No. W1999-600-CCA-R3-CD, Henry County (Tenn. Crim. App. Apr. 7, 2000). The Defendant argues that the issue raised in that case was "whether the trial court erred in overruling the Defendant's motion to suppress the evidence obtained against him as the result of an unlawful stop and frisk," and was no more specific than the certified question he attempted to reserve. We note, however, that the question from <u>Fred Arthur Stier</u> quoted in the present Defendant's reply brief is this court's statement of the issue in <u>Fred Arthur Stier</u> and that there was no issue regarding the proper statement and reservation of the question raised in that case. The case does not provide any persuasive authority to our decision in the case at bar.

In consideration of the foregoing and the record as a whole, we dismiss the appeal.


_____

JOSEPH M. TIPTON, PRESIDING JUDGE