FILED
10/23/2019
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 4, 2019

**STATE OF TENNESSEE v. DEMETRIUS J. JOHNSON**

**Appeal from the Circuit Court for Madison County**
**No. 17-608   Donald H. Allen, Judge**

_____

**No. W2018-02056-CCA-R3-CD**

_____

In November 2017, the Madison County Grand Jury indicted Defendant, Demetrius J. Johnson, for various drug and firearm offenses. Defendant filed a motion to suppress, which was denied by the trial court. Defendant then pled guilty to the offenses, attempting to reserve the following certified question of law for appeal: "Did the affidavit in support of the search warrant establish probable cause within the four corners of said affidavit?" After review, we conclude that this court does not have jurisdiction to address the certified question because the certification did not meet the requirements of *State v. Preston*, 759 S.W.2d 647 (Tenn. 1988). We, therefore, dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

George Morton Googe, District Public Defender, and Gregory D. Gookin, Assistant District Public Defender, Jackson, Tennessee, for the appellant, Demetrius J. Johnson.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Jody Pickens, District Attorney General; and Matthew Floyd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

Defendant's charges arose out of the execution of a search warrant at Defendant's residence on East Deaderick Street in Jackson. According to the State's factual recitation at Defendant's guilty plea submission hearing:

[On] November 3rd, 2016 at approximately 5:36 a.m., the gang unit and Metro Narcotics and the SWAT team with the Jackson Police Department executed a narcotics search warrant at 130 East Deaderick Street. [Defendant] was the target of the search warrant and he reside[d] at that address. Upon arrival officers made contact with numerous people who lived in the house and some family members of [Defendant]. SWAT then proceeded to clear the residence when the[y] encountered [Defendant] coming out of the bathroom. [Defendant] was detained and escorted outside. The officers read the search warrant to him at that time. Sergeant White[,] who is a member of the SWAT team[,] informed investigators that [Defendant] had come out of the bathroom and had possibly flushed some marijuana down the toilet. The officers proceeded to the bathroom where they noticed a strong odor of marijuana coming from the bathroom. There were a couple of small packs of what appeared to be marijuana floating in the toilet and the toilet was running at that time.

There was some loose marijuana, approximately .15 grams lying on the bathroom floor beside the toilet. There was a large plastic bag in the garbage can by the toilet that was wet on the open end and contained marijuana residue. Officers believed the bag was possibly wet from where [Defendant] was dumping marijuana down the toilet. [Defendant] had also lit two incense sticks in the bathroom to cover up the odor of marijuana.

. . . [A]t that time they did conduct a search of the house initially using one of the K-9 units. The dog alerted on the garbage can in the bathroom where [Defendant] had exited and also alerted on the coffee table in [Defendant's] bedroom. During the search of [Defendant's] bedroom, investigators located a black Crown Royal bag containing marijuana.

There was also a clear baggie containing crack cocaine in the Crown Royal bag. Officers also located a digital scale with marijuana residue and a box of sandwich bags on the same coffee table beside the Crown Royal bag. The sandwich bags were probably used to package illegal narcotics. They also located some loose marijuana lying on the floor beside the coffee table.

Sergeant Gilley located a Remington 12 gauge shotgun lying on the floor at the head of [Defendant's] bed. The shotgun was not loaded, but Investigator Rhodes located nine 12 gauge shotgun shells in [Defendant's] bedroom. Investigator Rhodes also located a Jennings [.]32 semiautomatic

pistol lying in a pile of clothes next to [Defendant's] bed. That gun was loaded with six rounds in the magazine and no rounds in the chamber.

Investigator Rhodes also located a box containing twenty-nine [.]32 caliber rounds lying in the pile of clothes in close proximity to the handgun. There were three additional rounds lying in the floor in [Defendant's] bedroom.

. . . [Defendant's] wallet contained his ID and Social Security Card on the dresser in this bedroom along with mail addressed to [Defendant]. The address [where] this search was executed was also on his Tennessee ID[.]

. . . [T]hey did take a statement from one of the other residents of the house who stated that the bedroom belonged to [Defendant]. Photos were taken of the evidence and the drugs were seized and sent to the TBI lab. . . . [T]he total amount of marijuana that was found was 14.17 grams. The total cocaine weighed at 1.72 grams.[1]

*Motion to Suppress*

Following his indictment, Defendant filed a motion to suppress the cocaine, marijuana, drug paraphernalia, and firearms that were recovered as a result of the search warrant. Defendant asserted that the affidavit for the search warrant did not contain sufficient indices of probable cause for the warrant to issue. The affidavit read:

Affiant has received information from a reliable confidential informant who has observed [Defendant] in possession of marijuana and cocaine within the past 72 hours. The observation was made inside [Defendant's] residence at 130 East Deaderick Street. [Defendant] has the address of 130 East Deaderick Street listed as his residence on his TN Driver's License. The confidential informant has been proven reliable by providing information that has led to the arrest of 32 individuals for outstanding warrants, and various narcotic and firearms charges. The informant has been responsible for the recovery of at least 190 grams of crack cocaine, at least 150 grams of cocaine, at least 4 pounds of marijuana, at least 3 grams of heroin and approximately 12 firearms. This confidential informant has also provided

---

[1] The State further noted that Defendant had been previously convicted of felony reckless endangerment in Madison County on November 29, 2010.

corroborated information about local street gangs and narcotics activity in and around the Jackson, Madison County area.

At a suppression hearing, Defendant called the affiant, Investigator Ashley Robertson, who testified that the confidential informant (CI) had worked for the gang unit for a substantial amount of time. Investigator Robertson stated that he had utilized the CI two times to obtain search warrants, both of which were successful. He testified that possession of marijuana and cocaine within the past 72 hours was the most specific information he could gather from the CI about Defendant and Defendant's residence.

Following the hearing, the trial court entered an order denying the motion to suppress. The trial court found that Investigator Robertson had confirmed that the address where the CI saw the drugs within the previous 72 hours was Defendant's residence. The trial court found that the affidavit adequately established the CI's basis of knowledge, reliability, and veracity by the totality of the circumstances. The trial court further found that the affidavit established probable cause to believe that narcotics would be found at Defendant's residence.

*Guilty Plea Submission Hearing*

On October 9, 2018, Defendant pleaded guilty to all charges. Pursuant to a plea agreement, the trial court imposed a total effective sentence of thirteen years' incarceration, as set out below:

| Count | Offense | Sentence |
|-------|---------|----------|
| 1 | Possession of 0.5 grams or more of cocaine with intent to sell | 8 years to serve |
| 2 | Possession of 0.5 grams or more of cocaine with intent to deliver | Merged with Count 1; no sentence imposed |
| 3 | Possession of marijuana | 11 months and 29 days to serve |
| 4 | Possession of drug paraphernalia | 11 months and 29 days to serve |
| 5 | Tampering with evidence | 6 years to serve |
| 6 | Convicted felon in possession of a firearm | 6 years to serve |
| 7 | Convicted felon in possession of a firearm | 6 years to serve |
| 8 | Possession of a firearm during the course of a dangerous felony | 5 years to serve; merged into Count 12 |

| 9 | Possession of a firearm during the course of a dangerous felony | 5 years to serve; merged with Count 12 |
|---|---|---|
| 10 | Possession of a firearm during the course of a dangerous felony | 5 years to serve; merged into Count 14 |
| 11 | Possession of a firearm during the course of a dangerous felony | 5 years to serve; merged into Count 14 |
| 12 | Convicted felon in possession of a firearm during the course of a dangerous felony | 5 years to serve |
| 13 | Convicted felon in possession of a firearm during the course of a dangerous felony | 5 years to serve; merged into Count 12 |
| 14 | Convicted felon in possession of a firearm during the course of a dangerous felony | 5 years to serve |
| 15 | Convicted felon in possession of a firearm during the course of a dangerous felony | 5 years to serve; merged into Count 14 |

The trial court ordered counts 1-7 to run concurrently. The court also ordered counts 8-15 to run concurrently with each other but consecutively to counts 1-7.

In going over the plea agreement with Defendant, the trial court recited a notation on the plea paperwork that the "State and Defense agree to [an] appeal of a certified question of law regarding the search warrant affidavit." The following colloquy then took place:

[DEFENSE COUNSEL]: Your Honor, I attached at the end, I actually had to hand write it because I didn't have access to a computer, but the [State] reviewed that and everyone is in agreement that the certified question -- we had a hearing, Your Honor, back on September the 10th and the Court denied our motion. It was a search warrant affidavit obtained by Metro Narcotics. We are reserving a certified question on that issue.

THE COURT: So the State and Defense are agreeing that . . . Defendant would be allowed to appeal a certified question of law pursuant to this guilty plea today and then the certified question being, "Did the affidavit in support of the search warrant establish probable cause within the four corners of said affidavit?"

[DEFENSE COUNSEL]: Yes, sir. That was the issue the Court decided about a month ago.

THE COURT: It says, "The parties agree that this certified question is dispositive of the case." So you understand you'll still have the

right to appeal[.]  [T]he Court I think denied the Motion to Suppress and for whatever reason whatever I stated on the record is my reason, so you can still appeal that ruling.

Defendant attached to the plea paperwork a handwritten statement that read as follows:

The State and defense agree to allow the appeal of the following certified question of law, pursuant to his guilty plea:

(1) Did the affidavit in support of the search warrant establish probable cause within the four corners of said affidavit?

The parties agree that this certified question is dispositive of the case.

The handwritten statement contained the heading "State v. [Defendant] #17-608" at the top of the document.  The document was not signed by the parties or the trial court.

The judgment for Count 1 states in the "Special Conditions" box that the "State and defense agree to appeal of certified question of law regarding search warrant affidavit."  Although the judgment form contains a box labeled "Pled Guilty - Certified Question Findings Incorporated by Reference," the box checked is the one labeled "Pled Guilty."

This timely appeal follows.

## Analysis

*Certified Question of Law*

The State contends that the question is not properly certified because the handwritten question is not included on the judgment form or incorporated by reference, and the trial court did not agree that the question was dispositive.  Defendant responds that the judgment and order reserving the certified question clearly state that the parties agree to argue the legality of the search warrant on appeal and that this issue is dispositive of the case.

Tennessee Rule of Criminal Procedure 37(b) states that a defendant may appeal from a plea of guilty if:

- 6 -

(A) the defendant entered into a plea agreement under Rule 11(c) but explicitly reserved[—]with the consent of the state and of the court[—]the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:

> (i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

> (ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

> (iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

> (iv) the judgment or order reserving the certified question reflects that the defendant, the [S]tate, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A).

The Tennessee Supreme Court has held that "the final order or judgment from which the time begins to run to pursue a [Tennessee Rule of Appellate Procedure] 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved." *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988).

> [W]here questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise.

*Id.*

Additionally, "the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case." *Preston*, 759 S.W.2d at 650. The defendant has the burden of ensuring that the "prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified." *Id.*

If the judgment of conviction does not set out the certified question, the certified question may be set out in an independent document that satisfies *Preston's* requirements, if such document is referred to, or incorporated by reference into, the judgment. *See State v. Irwin*, 962 S.W.2d 477, 479 (Tenn. 1998). However, the Tennessee Supreme Court has rejected a standard of substantial compliance with the procedural requirements of Rule 37 and has stated that the requirements are "'explicit and unambiguous.'" *State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003) (quoting *Irwin*, 962 S.W.2d at 479). Failure to properly certify a dispositive question of law results in dismissal. *Preston*, 759 S.W.2d at 650; *see e.g., State v. Long*, 159 S.W.3d 885, 887 (Tenn. Crim. App. 2004); *State v. Christopher Christie*, No. M2006-00612-CCA-R3-CD, 2007 WL 152484, at *2 (Tenn. Crim. App. Jan. 18, 2007) (dismissing appeal because the question was not incorporated by reference and because the judgment did not state that the State and trial court had given consent to the preservation of the question or that the parties agreed the question was dispositive).

Here, we agree with the State that Defendant failed to properly reserve the certified question due to his lack of compliance with the requirements of Rule 37(b). None of the judgments contain a statement of the certified question of law reserved by Defendant for appellate review nor do they refer to any other document which contains the certified question. Our review of the record indicates that Defendant attached to his plea paperwork a handwritten document containing what purports to be a certified question of law; however, this document is neither referred to nor incorporated within the judgments of conviction. Although the judgment for Count 1 states in the "Special Conditions" box that the "State and defense agree to appeal of certified question of law regarding search warrant affidavit[,]" the judgment does not make any explicit reference to any document containing the certified question. Moreover, although the judgment form contains a box labeled "Pled Guilty - Certified Question Findings Incorporated by Reference," the box actually checked on the judgment is labeled "Pled Guilty."

In addition to this omission, we note that neither the judgments nor the handwritten document attached to the plea paperwork state that the trial judge consented to the reservation of the certified question or that the trial judge was of the opinion the question was dispositive of the case. *See Preston*, 759 S.W.2d at 650. While we may

conclude that Defendant substantially complied with the requirements of Rule 37(b), substantial compliance is not enough. *Armstrong*, 126 S.W.3d at 912. Because Defendant failed to follow the "explicit and unambiguous" requirements of *Preston* and Rule 37(b), we are without jurisdiction to entertain this appeal.

## Conclusion

For the aforementioned reasons, the instant appeal is dismissed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE