# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE
### Assigned on Briefs September 14, 2011

## STATE OF TENNESSEE v. DEANGELO M. RADLEY

**Appeal from the Criminal Court for Davidson County**
**No. 2010-B-1107      J. Randall Wyatt, Jr., Judge**

_____

**No. M2011-00165-CCA-R3-CD - Filed October 7, 2011**

_____

The defendant, Deangelo M. Radley, pleaded guilty in the Davidson County Criminal Court to one count of unlawful possession of a weapon, *see* T.C.A. § 39-17-1307 (2006), and attempted to reserve the right to appeal a certified question of law, *see* Tenn. R. Crim. P. 37(b)(2), concerning the legality of the vehicle stop leading to his arrest. Following our review, we conclude that the defendant failed to properly certify a question of law that is dispositive of the case. Accordingly, we dismiss the appeal.

**Tenn. R. App. P. 3; Appeal Dismissed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Joshua L. Brand, Nashville, Tennessee (on appeal); Scott Saul, Nashville, Tennessee (at trial), for the appellant, Deangelo M. Radley.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Ben Ford, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Sometime after midnight on November 13, 2009, Metropolitan Nashville Police responded to the call of a burglary at the AM Express gas station on Nolensville Road. The officers were dispatched based upon an anonymous telephone call by "[a] witness that lived across the street . . . saying they were witnessing [that] a maroon type Ford . . . Explorer had rammed into the front of the business[,] and they saw an individual coming out of the business with items in their hand." The officers arrived at the scene within five to seven minutes and observed that the two front glass doors "had been pushed in causing an opening

into the business." The officers entered the store, found no one inside, and went outside to the parking lot.

Within 10 minutes, the officers saw a maroon Ford Explorer driven by the defendant traveling north on Nolensville Road. Because the vehicle matched the one described by the caller, the officers initiated an investigatory stop. As one officer approached the driver-side door, another officer approached the passenger-side door and immediately observed a .38 revolver lying on the passenger seat. The officers ordered the defendant from the vehicle. The defendant claimed that the fully-loaded handgun did not belong to him, but he did admit that he was a convicted felon. The officers observed "some minor [damage] possibly like scratches" on the front bumper of the vehicle. They did not find, however, any evidence of the defendant's involvement in the burglary, and the defendant was never charged with burglary.

The defendant filed a motion to suppress the gun alleging that the officers did not have reasonable suspicion based upon the uncorroborated statements of the caller to justify the stop of his vehicle. Following an evidentiary hearing, the trial court found that the knowledge and credibility components of the anonymous call were sufficiently satisfied by the fact that the nature of the call indicated that the caller was witnessing the burglary as it occurred and by the officers' independent corroboration of the report by verifying the condition of the burglary scene within minutes of the call. With these components satisfied and because the defendant's vehicle matched the description of the vehicle used in the burglary, the trial court concluded that the officers possessed reasonable suspicion to justify the stop and denied the defendant's motion to suppress.

On November 12, 2010, the defendant pleaded guilty to the weapons offense with an agreed sentence of five years as a Range III, persistent offender to be served on community corrections. The guilty plea petition and the judgment, both filed on November 12, 2010, reflect that the defendant also reserved a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37. The judgment, however, does not contain a statement indicating (1) the scope of the certified question, (2) the consent of the parties, or (3) the agreement of the parties that the question is dispositive of the case. Likewise, the judgment does not incorporate by reference any other document concerning the certified question. On November 12, 2010, the trial court filed an addendum to the judgment incorporating by reference the defendant's motion to suppress, the State's answer, and the trial court's order denying the motion to suppress and indicating that the parties agreed that the question was dispositive of the case. The addendum states the certified question as: "Whether the Defendant was lawfully stopped by Officer Rumbley of the Metro Nashville Police Department."

On appeal, the defendant contends that the trial court erred in denying his motion to suppress because the stop was based upon an insufficiently corroborated anonymous tip. The State urges this court to dismiss the appeal for the defendant's failure to certify properly the question of law presented for review. In the alternative, the State contends that the trial court correctly denied the motion to suppress.

As in any other appeal before this court, our first concern is whether this court is authorized to hear the case, and in the present case, the State claims that this court lacks jurisdiction. Jurisdiction to hear a direct appeal following a guilty plea generally must be predicated upon the provisions for reserving a certified question of law. Reserving a certified question of law for appellate review is governed by Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure, which provides:

> (b) The defendant or the state may appeal any order or judgment in a criminal proceeding when the law provides for such an appeal. The defendant may appeal from any judgment of conviction:
>
> (2) On a plea of guilty or nolo contendere if:
>
> > (A) the defendant entered into a plea agreement under Rule 11(a)(3) but explicitly reserved – with the consent of the state and of the court – the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
> >
> > > (i) the judgment of conviction *or other document to which such judgment refers* that is filed before the notice of appeal, contains a statement of the certified question of law that the defendant reserved for appellate review;
> > >
> > > (ii) the question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
> > >
> > > (iii) the judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

> (iv) the judgment or document reflects that the
> defendant, the state, and the trial court are of the opinion
> that the certified question is dispositive of the case[.]

Tenn. R.Crim. P. 37(b)(2)(A)(i)-(iv) (emphasis added). "Appeals of certified questions of law run counter to the general rule that a defendant enjoys no right of appeal following a guilty plea." *State v. Festus Babundo,* No. E2005-02490-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, May 25, 2006); *compare* Tenn. R. Crim. P. 37(b)(1) with *id.* 37(b)(2).

Because of the dispensatory nature of a certified question appeal, our supreme court firmly rejected a rule of substantial compliance, *see State v. Armstrong,* 126 S.W.3d 908, 912 (Tenn. 2003), and instead demanded strict adherence to Rule 37(b), as that rule has been amplified by the court itself. For instance, in *State v. Pendergrass,* our supreme court "emphasized" that

> [r]egardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal *must contain a statement of the dispositive certified question of law reserved* by defendant for appellate review and the question of law must be *stated so as to clearly identify the scope and the limits of the legal issue reserved.* For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law[,] and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. . . . Also, the order must state that the certified question was expressly reserved as part of the plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the

-4-

certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

*State v. Pendergrass*, 937 S.W.2d 834, 836-37 (Tenn. 1996) (quoting *State v. Preston,* 759 S.W.2d 647, 650 (Tenn. 1988) (emphasis added)); *see also State v. Lillie Fran Ferguson*, No. W2000-01687-CCA-R3-CD, slip op. at 4-5 (Tenn. Crim. App., Jackson, Apr. 27, 2001) (lamenting general, widespread failure to comply with *Preston-Pendergrass* and citing cases in which the court of criminal appeals has dismissed certified question appeals). This court has said that, given the mandate for strict compliance, ineffectual certified question appeals continue to "add[ ] to the growing heap of appellate fatalities that have resulted when would-be appellants failed to heed the *Preston-Pendergrass* litany of requirements for certified-question appeals." *State v. Carl F. Neer*, No. E2000-02791-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Knoxville, Oct. 8, 2001).

That being said, Rule 37, as is applicable to this case, permits the review of a certified question of law in instances where the "other document to which [a] judgment refers that is filed before the notice of appeal" otherwise satisfies the requirements of the rule.[1] *See also State v. Irwin*, 962 S.W.2d 477, 479 (Tenn. 1998) (acknowledging that a separate document that comports with Rule 37 requirements will afford this court jurisdiction so long as the document is incorporated into the judgment). The judgment of conviction in this case, however, failed to incorporate by reference the separate order filed contemporaneously with the judgment. For this reason, this court is without jurisdiction to review this appeal. *See State v. Rickey Clayton Rogers*, M2009-02377-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Nashville, Mar. 8, 2011) (holding that "it is not sufficient that the 'other document' contains all the required information . . . . the judgment must refer to the 'other document' which contains the necessary information"); *State v. Curtis Emmanuel Lane*, E2004-02340-CCA-R3-CD (Tenn. Crim. App., Knoxville, Nov. 11, 2005) (holding that addendum sufficiently setting forth Rule 37 requirements filed on the same date as judgment did not afford this court jurisdiction when judgment did not incorporate by reference the addendum), *perm. app. denied* (Tenn. Mar. 2, 2006). Accordingly, we dismiss the appeal.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[1] We note that recent amendments to Rule 37 dispense with the requirement that a separate document setting forth the certified question be incorporated by reference in the judgment. *See* Tenn. R. Crim. P. 37(b)(A)(i) (effective July 1, 2011); *see also* Tenn. R. Crim. P. 37, Advisory Comm'n Comments (2011).