# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 14, 2012

## STATE OF TENNESSEE v. NICHOLAS LARSEN

**Appeal from the Criminal Court for Shelby County**
**No. 09-07640     Lee V. Coffee, Judge**

_____

**No. W2011-00976-CCA-R3-CD  - Filed July 13, 2012**

_____

The Defendant-Appellant, Nicholas Larsen, entered a guilty plea to driving under the influence of an intoxicant (DUI), a Class A misdemeanor, after the trial court denied his motion to dismiss the indictment.  The transcript from the guilty plea hearing indicates that Larsen attempted to reserve a certified question of law on appeal pursuant to Tennessee Rule of Criminal Procedure 37.  Although the judgment form references an attachment setting out Larsen's certified question of law, no such attachment appears in the appellate record.  Moreover, the record contains no corrective order filed prior to the filing of the notice of appeal in this case.  Because Larsen failed to properly reserve a certified question, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Blake D. Ballin, Memphis, Tennessee, for the Defendant-Appellant, Nicholas Larsen.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Susan L. Taylor, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**I. Background.**  On March 15, 2009, Larsen was issued misdemeanor citations for DUI and reckless driving before he was transported to a hospital for treatment.  Larsen reported to the jail for booking and processing on March 30, 2009, and reported to general sessions court on April 13, 2009, for his arraignment.  Following his arraignment, Larsen appeared in court on May 15, 2009, and his case was reset to July 13, 2009.  On July 13,

2009, Larsen again appeared before the general sessions court, where he was taken into custody and his bond set at $1,000, an amount consistent with that court's standing order regarding the minimum bond amount in all DUI cases. Larsen claimed that there was no bond hearing and that the court asked him no questions prior to setting his bond at $1,000. He asserted that after he had been in custody for approximately twenty-four hours, he posted the $1,000 bond. Larsen's case was subsequently bound over to the grand jury, who issued an indictment charging him with DUI, DUI with a blood alcohol concentration of .08% or more, and reckless driving.

On April 19, 2010, Larsen filed a motion to dismiss the indictment alleging that the time he spent in custody prior to posting the $1,000 bond violated his right against double jeopardy. We note that the appellate record contains no written order granting or denying Larsen's motion to dismiss. However, the transcript from the motion hearing shows that the trial court denied the motion to dismiss because it found that requiring a defendant to post bond after being released on a citation was not punishment and, therefore, did not violate double jeopardy protections. On April 19, 2011, Larsen filed a petition to waive a jury trial and enter a plea of guilty pursuant to a plea agreement with the State. Neither the petition requesting the court's acceptance of the guilty plea nor the order granting the guilty plea mentioned the fact that Larsen was entering a conditional guilty plea while reserving a certified question of law on appeal. However, the transcript from the plea submission hearing shows that Larsen asked the court to accept his guilty plea to DUI while attempting to reserve a certified question of law.

The underlying facts of the Larsen's offense were stipulated at the guilty plea hearing:

That on March 15th [sic], 2009, officers received a call from Rock Cuba (phonetic) . . . regarding an accident with injuries.

The defendant was found to be the driver of one vehicle and the only person on the scene with head injuries.

He had a strong odor of alcohol coming from his person; he was unsteady on his feet.

[He had s]low and slurred speech[.]

Red[,] blood-shot eyes.

He admitted to drinking beer.

He was issued this citation.

An ambulance did come and transported the defendant to the [Regional Medical Center at Memphis] in stable condition.

A whiskey unit made the scene at the [hospital,] and the defendant consented to [having his] blood draw[n]. . . .

All of these events did occur here in Shelby County, Tennessee.

The trial court, after questioning Larsen about the rights he would be waiving by entering a plea of guilty, made the following statement:

Now, by entering that guilty plea, Mr. Larsen, you're giving up – you're waiving your rights to a trial by jury; but you are preserving, for appeal, this certified question as to whether or not this indictment against you should have been dismissed. We had a hearing on February 25th [sic], 2011; and after a hearing, I denied your motion[,] and you're preserving that issue for an appeal.

The court also reminded Larsen that none of the conditions of his sentence would begin until the Tennessee Court of Criminal Appeals affirmed the trial court's judgment.

The court added:

Now, part of this agreement is that the motion to [dismiss] that the court did deny will be certified . . . to the Court of Criminal Appeals; and the Court of Criminal Appeals will decide – both sides – all sides having stipulated – that [the decision of] the Court of Criminal Appeals . . . will be dispositive of this indictment; and you're certifying that question as to whether or not the court should have granted your motion to [dismiss].

At the conclusion of the hearing, the trial court accepted Larsen's apparent conditional guilty plea to DUI. The judgment form for this conviction, which was entered on April 19, 2011, contained the following language in the Special Conditions section: "See attachment to this judgment sheet regarding Certified Question [Driver's License] revoked 1 year." The judgment form also indicated that the court entered a nolle prosequi without court costs for counts two and three of the indictment. We note that no attachment or amended order regarding a certified question of law is contained within the appellate record. On April 20, 2011, Larsen filed a timely notice of appeal.

**ANALYSIS**

On appeal, Larsen contends that his time in custody prior to posting his $1,000 bond was so punitive as to violate his right against double jeopardy as stated in the United States Constitution and Tennessee Constitution. U.S. Const. amend. V; Tenn. Const. art I, § 10. The State does not argue that Larsen failed to properly reserve a certified question of law on appeal. Instead, the State concedes that the certified question is dispositive of the case but argues that the question must be decided in the State's favor. The State also argues that although Larsen attempts to attack the statutory validity and constitutionality of the general sessions court's standing order regarding the minimum amount of bond to be set in DUI cases, these issues were not included in the trial court's order and were not properly certified under Tennessee Rule of Criminal Procedure 37. Because Larsen failed to properly reserve his certified question of law, this appeal is dismissed.

Tennessee Rule of Criminal Procedure 37(b)(2)(A) allows for an appeal from any order or judgment on a conditional plea of guilty or nolo contendere if the defendant reserves, with the consent of the state and the court, the right to appeal a certified question of law that is dispositive of the case, so long as the following four requirements are met:

> (i) the judgment of conviction or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law that the defendant reserved for appellate review;
>
> (ii) the question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>
> (iii) the judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial court; and
>
> (iv) the judgment or document reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A) (amended July 1, 2011). The Tennessee Supreme Court clearly outlined the requirements for reserving a certified question of law in State v. Preston:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the

question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to Tenn. R. Crim. P. 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

759 S.W.2d 647, 650 (Tenn. 1988) (emphasis added). As the Tennessee Supreme Court stressed, "Preston puts the burden of reserving, articulating, and identifying the issue upon the defendant." State v. Pendergrass, 937 S.W.2d 834, 838 (Tenn. 1996). Although corrective orders are permissible where a certified question has been omitted from a judgment, such orders must be filed while the trial court retains jurisdiction. State v. Armstrong, 126 S.W.3d 908, 912-13 (Tenn. 2003) (concluding that "the trial court's corrective nunc pro tunc order entered after the final judgment while the trial court had jurisdiction and before the filing of a notice of appeal under Rule 36 of the Tennessee Rules of Criminal Procedure complied in all respects with the prerequisites for raising a certified question of law on appeal"); State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998) (stating that a judgment may refer to, or incorporate, an independent document, thereby satisfying the requirements of Preston). Once a notice of appeal is filed, the jurisdiction becomes vested in the appellate court, and the trial court may not amend its judgment. Pendergrass, 937 S.W.2d at 837.

Here, the record contains neither an attachment to the judgment form nor a corrective order reserving the certified question of law on appeal that was filed prior to the notice of appeal. Consequently, Larsen failed to comply with any of the four requirements outlined

in Rule 37(b)(2)(A). Because the judgment form in this case failed to include a statement of the certified question, either by inclusion or by incorporation by reference, Larsen failed to properly reserve his certified question of law pursuant to Preston. Accordingly, the appeal is dismissed.

## CONCLUSION

Upon review, we conclude that Larsen failed to properly reserve a certified question of law on appeal. Accordingly, the issue is not properly before this court, and the appeal is dismissed.

_____
CAMILLE R. McMULLEN, JUDGE