# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 1, 2014

## STATE OF TENNESSEE v.  DAVID LEE HUTCHERSON

**Appeal from the Circuit Court for Lauderdale County**
**No. 9374      Joseph H. Walker III, Judge**

---

**No. W2013-02820-CCA-R3-CD  - Filed May 7, 2014**

---

The Defendant, David Lee Hutcherson, pled guilty to one count each of possession of less than .5 grams of methamphetamine with intent to deliver, promotion of methamphetamine manufacture, and possession of drug paraphernalia.  See Tenn. Code  Ann. §§ 39-17-417, -17-433, -17-425.  He received an effective sentence of three years on all counts.  As a condition of his guilty plea, the Defendant sought to reserve the right to appeal a certified question of law challenging the trial court's denial of his motion to suppress.  Following our review of the record, we dismiss the appeal because the Defendant failed to properly certify his question of law in accordance with Tennessee Rule of Criminal Procedure 37(b)(2).

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JERRY L. SMITH  and NORMA MCGEE OGLE, JJ., joined.

William T. Edwards, Dyersburg, Tennessee, for the appellant, David Lee Hutcherson.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; D. Michael Dunavant, District Attorney General; Julie K. Pillow, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### FACTUAL BACKGROUND

On February 4, 2013, the grand jury indicted the Defendant on the following charges: possession of less than .5 grams of methamphetamine with intent to deliver, a Class C felony; promotion of methamphetamine manufacture, a Class D felony; and possession of drug paraphernalia, a Class A misdemeanor.  See Tenn. Code  Ann. §§ 39-17-417, -17-433, -17-425.   The Defendant filed a motion to suppress evidence obtained during the search of his

home, and a suppression hearing was conducted on May 23, 2013. At the hearing, Investigator James Jones of the Lauderdale County Sheriff's Department testified that on September 29, 2012, he received a call complaining of drug activity at the Defendant's house. Inv. Jones said that he responded immediately to the dispatch and that upon arrival at the residence, he knocked on the front door. Upon knocking, Inv. Jones heard someone inside yell "[d]rug boys," and then a man, later identified as Daniel Smith, opened the door. Inv. Jones asked, "Where is the home owner?" Mr. Smith responded, "He's right here," and pointed inside the house. The Defendant then stated something to the effect of "I'm here" or "I'm right here." Inv. Jones was unable to recall exactly what the Defendant said, but he did testify that the Defendant did not give him express permission to enter the home.

Inv. Jones testified that he then requested that Mr. Smith step out of the doorway. Inv. Jones entered the residence and stepped into the living room doorway where the Defendant was located. The Defendant was seated in a recliner in the living room, and Inv. Jones told the Defendant that he was there because of a complaint of drug activity at the residence. Standing in the doorway to the living room, Inv. Jones observed a scale in plain view on the table, as well as some aluminum foil containing a white powder substance. He also observed coffee filters and a pair of wire cutters lying on a chair next to the table. After making these observations, Inv. Jones asked the Defendant whether he had "anything else" in the residence. The Defendant responded that "he didn't know," and Inv. Jones asked for consent to search the rest of the residence; the Defendant consented to the search. Inv. Jones testified that he waited until more officers arrived to begin the search. In the course of the resulting search, the officers found two cans of lighter fluid, a bottle of drain opener, and some ammonium nitrate.

At the conclusion of the suppression hearing, the trial court denied the Defendant's motion to suppress, finding that Inv. Jones's entry into the residence fell under the "knock and talk" exception to the warrant requirement. On September 11, 2013, the Defendant pled guilty as charged in the indictment. As part of his plea agreement, the Defendant sought to reserve the right to appeal a certified question of law.

ANALYSIS

On appeal, the Defendant challenges the denial of his motion to suppress based on the following certified question of law, as recorded on the judgment form: "Whether[,] during [a] knock and talk encounter between law enforcement officer and defendant[,] permission can be inferred from a statement made by defendant where no express permission is given." The Defendant contends that Inv. Jones entered the residence without express permission, and thus, any evidence obtained thereafter was the fruit of an illegal search and should have been suppressed. The State responds that the Defendant has failed to satisfy the requirements

of Tennessee Rule of Criminal Procedure 37 for certifying a question of law and that his appeal should, therefore, be dismissed. We are constrained to agree with the State.

Our supreme court first set forth the prerequisites for certifying a question of law in State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). In 2002, our legislature amended Rule 37 to expressly adopt the Preston requirements. The current version of Rule 37 states that a criminal defendant may plead guilty and appeal a certified question of law when the defendant has entered into a plea agreement under Rule 11(a)(3) of the Rules of Criminal Procedure and has "explicitly reserved–with the consent of the state and of the court–the right to appeal a certified question of law that is dispositive of the case," and the following requirements are met:

> (i) the judgment of conviction or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law that the defendant reserved for appellate review;
>
> (ii) the question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>
> (iii) the judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial court; and
>
> (iv) the judgment or document reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A). Our supreme court has repeatedly made clear that the requirements set forth in Preston, which are now clearly stated in Rule 37, are "explicit and unambiguous." State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003) (quoting State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998); State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996)).

The State asserts that the Defendant failed to satisfy three of the four requirements for properly preserving a certified question of law. We agree that the Defendant's effort to reserve a certified question of law is deficient for at least two reasons.[1] First, the record is

---

[1] The State also asserts that the Defendant's certified question fails to clearly identify the scope and limits of the legal issue reserved. While we need not address this issue because there are additional deficiencies which are fatal to the Defendant's claim, we do note that our supreme court has stated that a certified
(continued...)

devoid of any evidence that the prosecution consented to the reservation of a certified question of law. While the trial court did record the certified question on the final judgment, there is no statement that the prosecutor agreed to reserve the question for appeal. Also, the judgment form is not signed by the prosecutor, so there is no evidence from which we might infer that the prosecutor agreed to the appeal. Second, the judgment does not reflect "that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case." Tenn. R. Crim. P. 37(b)(2)(A)(iv). We take note of the fact that prior to the Defendant's guilty plea, the court did acknowledge that the consent to enter issue was dispositive in its written order granting the Defendant's request for an interlocutory appeal. However, the contents of "prior petitions, orders, [and] colloquy in open court or otherwise" are not sufficient to meet the requirements set forth in Tennessee Rule of Criminal Procedure 37(b)(2). See State v. Preston, 759 S.W.2d 647, 650 (1988). Therefore, we conclude that the Defendant has failed to show that the trial court and the parties agreed to reserve the certified question of law for appeal and that the issue would be dispositive of the case. The burden is on the Defendant to ensure that the requirements for properly certifying a question are followed and that the record is sufficient for appellate review. See id. Although the certified question of law was written on the judgment form, the Defendant has failed to satisfy the additional requirements for presenting a certified question of law on appeal.

CONCLUSION

In consideration of the foregoing and the record as a whole, the Defendant's appeal is dismissed.

_____
D. KELLY THOMAS, JR., JUDGE

---

[1](...continued)
question without fact-specific references may be sufficient to meet the statute's requirements. See State v. Springer, 406 S.W.3d 526, 531 (Tenn. 2013) (citing State v. Colzie, No. M1998-00253-CCA-R3-CD, 1999 WL 1074111, at *3 (Tenn. Crim App. Nov. 30, 1999) (finding that a certified question was sufficient when it was "evident that [the] statement of the issue [reflected] the grounds for suppression that Defendant asserted at the trial court, even though it could have been more precisely drafted.")); see also State v. Harris, 919 S.W.2d 619, 621 (Tenn. Crim. App. 1995) (holding that even though [t]he issue is not framed according to what might be referred to as standard 'law-school' format," Preston requires only that a certified question "clearly identify the scope and limits of the legal issues reserved").