IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 18, 2016

STATE OF TENNESSEE v. RICHARD DALE SMITH

Appeal from the Criminal Court for Hamilton County
No. 288256   Don W. Poole, Judge

_____

No. E2015-01596-CCA-R3-CD – Filed July 6, 2016

_____

After the trial court denied his motion to suppress, the Defendant, Richard Dale Smith, pled guilty to driving under the influence ("DUI"). See Tenn. Code Ann. § 55-10-401. As a condition of his guilty plea, he sought to reserve the right to appeal a certified question of law challenging the trial court's denial of his motion to suppress. Following our review of the record, we dismiss the appeal because the Defendant failed to properly certify his question of law in accordance with Tennessee Rule of Criminal Procedure 37(b)(2).

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Johnny Houston, Jr., Chattanooga, Tennessee, for the appellant, Richard Dale Smith.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; M. Neal Pinkston, District Attorney General; and Bates W. Bryan, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND[1]

On May 29, 2013, a Hamilton County grand jury returned a true bill charging the Defendant with failure to maintain his lane, DUI, and DUI per se. See Tenn. Code Ann. §§ 55-8-123; -10-401. Thereafter, the Defendant filed a motion to suppress evidence obtained following the stop of his vehicle, arguing that the traffic stop was not supported

[1] Because the jurisdictional issue raised by the State is determinative, we limit our factual recount to the relevant procedural aspects of the case.

by reasonable suspicion. Following a hearing, the trial court denied the Defendant's motion to suppress. The Defendant subsequently pled guilty to DUI, and the other two counts were dismissed. The Defendant executed a "Petition to Enter Plea of Guilty and Waiver of Trial by Jury," which outlined his plea agreement and noted that the Defendant's guilty plea was subject to the reservation of a certified question of law. Specifically, the petition to plead guilty stated that the State, the trial court, and the Defendant consented to the reservation of the certified question and were of the opinion that it was dispositive of the case. Also, the following certified question was set forth:

> Whether the trial court erred in denying the Defendant's Motion to Suppress and/or Dismiss, based on [a]rticle I, [s]ection 7 of the Tennessee Constitution and the Fourth and Fourteenth Amendments to the Constitution of the United States holding that [the arresting officer] had sufficient legal grounds to stop the Defendant's vehicle[.]

On July 21, 2015, a judgment of conviction was entered, which stated the above certified question in the "Special Conditions" box. The judgment contained no statement that the parties and court consented to the reservation of a certified question or that they were of the opinion that it was dispositive.

## ANALYSIS

On appeal, the Defendant challenges the denial of his motion to suppress, seeking our review of the certified question memorialized on the judgment form. The State responds that the Defendant's certified question is overly broad, does not reflect that the State and the trial court consented to the reservation of the question, or that the Defendant, the State, and the trial court agreed that it was dispositive of the case. The Defendant has not replied to the State's argument.

Our supreme court first set forth the prerequisites for certifying a question of law in State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). In 2002, our legislature amended Rule 37 to expressly adopt the Preston requirements. The current version of Rule 37 states that a criminal defendant may plead guilty and appeal a certified question of law when the defendant has entered into a plea agreement under Rule 11(c) of the Rules of Criminal Procedure and has "explicitly reserved—with the consent of the [S]tate and of the court—the right to appeal a certified question of law that is dispositive of the case," and the following requirements are met:

> (i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

(iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the [S]tate and the trial court; and

(iv) the judgment or order reserving the certified question reflects that the defendant, the [S]tate, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A).  Our supreme court has repeatedly made clear that the requirements set forth in Preston, which are now embodied in Rule 37, are "explicit and unambiguous."  State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003) (quoting State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998); State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996)).

The State asserts that the Defendant failed to satisfy three of the four requirements for preserving a certified question of law.  We are constrained to agree with the State that the Defendant's effort to preserve a certified question of law is deficient for at least two reasons:[2]  (1) the judgment does not contain a statement that the certified question was reserved with the consent of the State and the trial court; and (2) the judgment does not reflect that the Defendant, the State, and the trial court are of the opinion that the certified question is dispositive of the case.

We acknowledge that the petition to enter a guilty plea contains the certified question along with statements that the trial court, the State, and the Defendant consented to the reservation of a certified question and that the question is dispositive.  However, case law is clear that

---

[2] We do not pass upon the State's contention that the certified question fails to clearly identify the scope and limits of the issue presented because there are other fatal deficiencies to the reservation of the question.  However, we do note that our supreme court has stated that a certified question without fact-specific references may be sufficient to meet the rule's requirements.  See State v. Springer, 406 S.W.3d 526, 531 (Tenn. 2013) (citing State v. Colzie, No. M1998-00253-CCA-R3-CD, 1999 WL 1044111, at *3 (Tenn. Crim. App. Nov. 30 1990) (finding that a certified question was sufficient when it was "evidence that [the] statement of the issue [reflected] the grounds for suppression that [d]efendant asserted at the trial court, even though it could have been more precisely drafted")); see also State v. Harris, 919 S.W.2d 619, 621 (Tenn. Crim. App. 1995) (holding that even though "[t]he issue is not framed according to what might be referred to as standard 'law-school' format," Preston requires only that a certified question "clearly identify the scope and limits of the legal issues reserved").

regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a [Tennessee Rule of Appellate Procedure] 3 appeal . . . must state that the certified question was expressly reserved as part of the plea agreement, that the State and the trial judge consented to the reservation[,] and that the State and the trial judge are of the opinion that the question is dispositive of the case.

Preston, 759 S.W.2d at 650; see also State v. Danny Harold Ogle, No. E2000-00421-CCA-R3-CD, 2001 WL 38755, at *1-2 (Tenn. Crim. App. Jan. 17, 2001) (dismissing appeal due to failure to properly certify question even though transcript of the guilty plea hearing "clearly reveal[ed] that all parties understood that the guilty plea was conditional upon the reservation of a certified question of law" but the same was not reflected on the judgment). Additionally, "the burden is on [the] defendant to see that these prerequisites are in the final order . . . ." Preston, 759 S.W.2d at 650 (emphasis added). The judgment does not contain the requisite statements that the State and the trial court agree to the reservation of a certified question or that the Defendant, the State, and the trial court are of the opinion that the certified question is dispositive of the case, and there is likewise no order stating the same. Our supreme court has refused to apply a "substantial compliance" standard to the requirements of Rule 37(b)(2). Armstrong, 126 S.W.3d at 912. Consequently, we have no choice but to add this case "to the growing heap of appellate fatalities that have resulted when would-be appellants failed to heed the Preston-Pendergrass litany of requirements for certified-question appeals." State v. Harris, 280 S.W.3d 832, 836-37 (Tenn. Crim. App. 2008) (citation omitted). Having no jurisdiction to hear the appeal, it must be dismissed.

## CONCLUSION

Based upon the foregoing and the record as a whole, the appeal is dismissed.

_____
D. KELLY THOMAS, JR., JUDGE