
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 14, 2016

**STATE OF TENNESSEE v. DARRYL WILKINS BURTON**

**Appeal from the Circuit Court for Williamson County**
**No. II-CR078114    Deanna B. Johnson, Judge**

_____

**No. M2016-00690-CCA-R3-CD**

_____

The Defendant-Appellant, Darryl Wilkins Burton, entered a guilty plea to driving under the influence (DUI) in exchange for a sentence of eleven months and twenty-nine days to be served on probation after the service of forty-eight hours in the Williamson County jail. The Defendant reserved a certified question of law challenging the denial of his motion to suppress, which was based upon an unconstitutional seizure. Because the Defendant failed to properly reserve the certified question, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and J. ROSS DYER, JJ., joined.

Stephen W. Grace, Nashville, Tennessee, (at suppression hearing), and Randall W. Burton, Nashville, Tennessee, (on appeal), for the Defendant-Appellant, Darryl Wilkins Burton.

Herbert H. Slatery III, Attorney General and Reporter; James E. Gaylord, Senior Counsel; Kim R. Helper, District Attorney General; and Tristan Poorman, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On July 14, 2014, the Defendant was indicted by a Williamson County Grand Jury for one count of DUI and one count of DUI .08% or greater. On October 2, 2014, the Defendant filed a motion to suppress claiming that the police lacked reasonable suspicion or probable cause to stop the Defendant's vehicle, which violated the Fourth Amendment to the United States Constitution and Article I, Section 7, of the Tennessee Constitution. The State opposed the Defendant's motion and a hearing was held on March 6, 2015.

**Motion to Suppress Hearing.** At the hearing, Deputy Paul Lusk of the Williamson County Sheriff's Office testified that he was on duty on September 23, 2013, at 1:45 a.m. when he first observed the Defendant. Deputy Lusk was directly behind the Defendant's vehicle on Hillsboro Road, which has a "sharp left curve, and then . . . widens out into a four lane straight away before Berry's Chapel Road." Deputy Lusk testified that he observed the Defendant's vehicle cross over the center line three times and cross over the "fog line onto the shoulder quite drastically . . . [a]nd then as we approached the intersection at Berry's Chapel [Road] the vehicle made a sudden stop, without utilizing the turn lane, [and] turned from the actual driving lane . . . onto Berry's Chapel Road." He clarified that the Defendant entered the right turn lane for "maybe [ten] feet or so" at the very end of the turn lane. After observing the Defendant turn right on Berry's Chapel Road, Deputy Lusk initiated his blue lights and performed a traffic stop. He testified that it was "approximately [fifteen] seconds between the first traffic violation and when he initiated the traffic stop." Deputy Lusk testified that the Defendant was not speeding.

Deputy Lusk recorded the incident, and the video was played during the suppression hearing. Deputy Lusk clarified that before he activated his camera he observed the Defendant cross the center line once. The beginning of the video showed Deputy Lusk driving behind the Defendant's vehicle on a two lane road. Deputy Lusk testified that at approximately 1:46 a.m. the video showed the Defendant's vehicle cross the center line and, a few seconds later, the video showed the Defendant driving on the fog line. Eighteen seconds later, the Defendant's vehicle touched the fog line and then the vehicle drifts "about halfway on the shoulder." Finally, at 1:47 a.m., the video showed the Defendant in the bike lane, and once the bike lane became a turn lane, "the [Defendant's] vehicle [did not] go to the turn lane until after the solid line starts." Deputy Lusk agreed that the failure to enter the turn lane when it is not "the dotted line and the fog line" constitutes an improper turn. Deputy Lusk identified the Defendant and affirmed that the actions depicted in the video and the traffic stop occurred in Williamson County.

On cross-examination, Deputy Lusk testified that the reason he activated his camera was because he saw "the vehicle cross over the center line, once maybe twice." He could not recall how many times the vehicle crossed the center line, but it was "at least once." Deputy Lusk read portions of the affidavit of complaint and explained that he had probable cause to stop the Defendant because he failed to maintain his lane of travel by "crossing the middle line and the fog line." Deputy Lusk believed that he also took out a warrant for failure to maintain lane of travel but he was not "positive if [he] did or not." He explained that he did not include any information about the Defendant's "improper turn" because the "improper turn" was included in the charge of failing to maintain a lane of travel. Deputy Lusk did not know if the charge for failure to maintain

a lane of travel was presented to the Grand Jury, and he did not remember testifying in front of the Grand Jury regarding the Defendant.

Deputy Lusk reiterated that the Defendant "barely utilized the turn lane" when he made a right turn onto Berry's Chapel Road from Hillsboro Road. He could not recall how far he followed the Defendant before he activated his camera, but once the camera was activated he estimates that he followed the Defendant about "a quarter mile." Deputy Lusk explained that the video showed that the Defendant "jerked into the bike lane, [and then] he jerked back on to the roadway." Finally, the trial court asked Deputy Lusk whether the Defendant was weaving within his own lane of travel, and Deputy Lusk said "Yes, ma'am . . . [The Defendant went] from the yellow line to the white line at least more than once on the video."

After considering the arguments of counsel, the trial court denied the motion to suppress. After watching the video and listening to Deputy Lusk's testimony, the trial court found that the video showed the Defendant crossed the fog line at least three times and crossed the center line at least once. The trial court also found that the Defendant entered the turn lane when the line was solid, which is "a violation of the driving law." The trial court also agreed with Deputy Lusk that the Defendant was "weaving within his own lane" and that the Defendant "crossed the center line at least once if not twice" before Deputy Lusk activated his camera. Therefore, the trial court concluded that "based on the Court's view of the video in conjunction with Deputy Lusk's testimony" there was probable cause and "at least reasonable suspicion" to stop the vehicle.

On March 3, 2016, the Defendant entered a conditional guilty plea to first offense DUI. As part of his guilty plea, he purported to reserve a certified question of law under Rule 37 of the Tennessee Rules of Criminal Procedure. The judgment form did not contain the certified question of law. However, a handwritten statement with trial counsel's signature and the State's signature was attached to the judgment form and contained the following question:

> Whether the stop of the Defendant's vehicle by Deputy Lusk of the Williamson County Sherriff's Department on September 27, 2013[,] violated [the] Defendant's rights granted pursuant to the Fourth Amendment to the [United States] Constitution and whether any evidence, statements[,] and blood tests obtained as a result of said stop should be suppressed as the fruits of an unconstitutional seizure, due to the fact that there was no probable cause that a traffic violation had been committed and there was no reasonable suspicion based upon the totality of the circumstances where [the] Defendant was observed driving on Hillsboro

Road in Williamson County, Tennessee. This issue is dispositive of the case.

The Defendant filed a timely notice of appeal on April 1, 2016.

## ANALYSIS

The Defendant argues that the trial court erred in finding that Deputy Lusk had probable cause or reasonable suspicion to initiate a traffic stop for "crossing [the] solid white line to enter [the] turn lane, crossing the center line and fog line, and weaving within his own lane." The Defendant argues that "the evidence was insufficient to support . . . reasonable suspicion or probable cause that [the] Defendant had committed, or was about to commit, any criminal offense." The State argues that the appeal should be dismissed because the Defendant did not properly reserve a certified question of law. After reviewing the record, we agree with the State.

A defendant must properly reserve a certified question before this court has jurisdiction to consider the merits of the question. Tennessee Rule of Criminal Procedure 37(b)(2)(A) allows for an appeal from any order or judgment on a conditional plea of guilty or nolo contendere if the defendant reserves, with the consent of the State and the court, the right to appeal a certified question of law that is dispositive of the case, so long as the following four requirements are met:

> (i) the judgment of conviction or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law that the defendant reserved for appellate review;

> (ii) the question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

> (iii) the judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

> (iv) the judgment or document reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv).

The Tennessee Supreme Court clearly outlined the requirements for reserving a certified question of law in State v. Preston:

-4-

Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to Tenn. R. Crim. P. 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

759 S.W.2d 647, 650 (Tenn. 1988). As the Tennessee Supreme Court emphasized, "Preston puts the burden of reserving, articulating, and identifying the issue upon the defendant." State v. Pendergrass, 937 S.W.2d 834, 838 (Tenn. 1996). This court will not consider any issue beyond the scope of the certified question. State v. Day, 263 S.W.3d 891, 900 (Tenn. 2008).

In State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003), the Tennessee Supreme Court held that it had "never applied a substantial compliance standard to the Preston requirements[.]" Instead, it reiterated that the Preston requirements regarding Rule 37 were "'explicit and unambiguous.'" Id. (quoting State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998); Pendergrass, 937 S.W.2d at 837). A defendant's failure to comply with the Preston requirements results in the dismissal of the appeal. State v. Bowery, 189 S.W.3d 240, 245-46 (Tenn. Crim. App. 2004) (citing Pendergrass, 937 S.W.2d at 837).

The record shows that the judgment form was entered on March 3, 2016. The Special Conditions box of the judgment form contains the following information:

Certified question of law; sentence effective to be withheld until certified question has been disposed of; Loss of [driver's license] for [one] year or as determined by the [Department] of Safety; Restricted license eligible [with] ignition interlock device; Alcohol safety school; . . . trash pickup.

The next page of the record contains a handwritten statement of the proposed certified question of law. We note that the certified question was not on the judgment form and was only found on this handwritten page. The statement contains the signatures of the State and trial counsel and states that "[t]his issue is dispositive of the case." On April 7, 2016, after the Defendant had filed his notice of appeal, the trial court entered an order stating that "[t]he judgment reserved a certified question of law." The record did not contain an agreed order indicating that the trial court, the State, and the Defendant consented to the reservation of the certified question of law and believed that the certified question was dispositive of the case.

The Defendant argues that "[t]he express language of the Rule only states that the judgment or order must 'reflect' that the certified question was expressly reserved with the consent of the State" and that all parties agreed that the certified question is dispositive of the case. He further argues that there is no requirement that all of "the signatures showing agreement are on the same page." Although Rule 37 does not explicitly require the Defendant, State, and trial court to sign the same page, it does require that an agreement has been reached between the parties and the trial court. The Defendant asks this court to assume that because the certified question was attached to the judgment form and the trial court signed the judgment form that this means the trial court consented to the reservation of the certified question and was of the opinion that the question was dispositive of the case. Based on our review of the record, the Defendant did not satisfy the Preston requirements.

First, the judgment form did not include "a statement of the dispositive certified question of law reserved by the defendant for appellate review." Preston, 759 S.W.2d at 650. However, in State v. Irwin the Tennessee Supreme Court relaxed the Preston requirements slightly by allowing a certified question to be set out in an independent document, so long as the independent document is incorporated by reference into the judgment. 962 S.W.2d at 479 (stating that a judgment may refer to, or incorporate, an independent document, thereby satisfying the requirements of Preston); See State v. Bethany R. Mercer, No. E2009-00003-CCA-R3-CD, 2009 WL 4931344, at *2 (Tenn. Crim. App. Dec. 22, 2009) (concluding that a final order that satisfied the Preston

-6-

requirements and was filed contemporaneously with the judgment of conviction was sufficient to properly reserve the certified question of law even though the judgment did not incorporate this final order by reference); State v. Paul Anthony Wright, No. W2001-02574-CCA-R3-CD, 2003 WL 1860526, at *5-6 (Tenn. Crim. App. Apr. 7, 2003) (holding that when a judgment of conviction does not comply with the Preston requirements, a contemporaneously filed separate order may be sufficient to cure the defects of the judgment even though the order is not referenced in the judgment form); See also State v. Kendall McKenzie Kin Eayrs, No. E2014-02072-CCA-R3-CD, 2015 WL 9311865, at *7 (Tenn. Crim. App. Dec. 22, 2015). The court later held that corrective orders are permissible when a certified question has been omitted from a judgment; however, such orders must be filed while the trial court retains jurisdiction. See Armstrong, 126 S.W.3d at 912-13. Once a notice of appeal is filed, the jurisdiction becomes vested in the appellate court, and the trial court may not amend its judgment. Pendergrass, 937 S.W.2d at 837.

Here, the certified question was handwritten and attached to the judgment form. This could have been sufficient to certify the question of law if the Defendant had included a contemporaneously filed order stating that "certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation[,] and that the State and the trial judge are of the opinion that the question is dispositive of the case." Preston, 759 S.W.2d at 650. The handwritten statement only included the question of law the Defendant intended to certify, signatures from both trial counsel and the State, and a statement that the "issue is dispositive of the case." The Defendant argues that because the trial court signed the judgment form and the certified question was attached to the judgment form that this implies that the trial court agreed that the question was dispositive of the case and satisfied the requirements of Rule 37. The Defendant is asking this court to accept an implied agreement between trial counsel, the State, and the trial court. However, the Preston requirements are clear and an implied agreement is insufficient to satisfy the Preston requirements.[1] Preston, 759 S.W.2d at 650; See State v. Michael R. King, No. M2006-01932-CCA-R3-CD, at *4-5 (Tenn. Crim. App. Sept. 28, 2007); State v. Scott Eric McDonald, No. E2006-02568-CCA-R3-CD, 2007 WL 4460141, at *3 (Tenn. Crim. App. Dec. 20, 2007) (Rule 37 requirements are not met when there is no explicit statement on the judgment form that both the State and trial court consented to reserving the certified question and are of the opinion that the certified question is dispositive of the case.). Moreover, the trial court's signature on a judgment form that does not conform to the Preston requirements is insufficient to certify a question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(A). We

---

[1] The Defendant claims that the "trial court not only acknowledged the certified question of law, but also expressly agreed that it would be dispositive by noting that the 'sentencing effect to be withheld until certified question disposed of.'" We do not agree that the trial court "expressly agreed" that the certified question was dispositive based on this one sentence alone.

note that although the trial court entered an order on April 7, 2016 stating that "[t]he judgment form reserved a certified question of law" this order was filed after the Defendant filed his notice of appeal and the trial court no longer had jurisdiction over the appeal.

Both the judgment form and the handwritten statement attached to the judgment form failed to reflect that "the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case" and failed to reflect that "the trial court is of the opinion that the certified question is dispositive of the case." Accordingly, we are without jurisdiction to consider this appeal. See Tenn. R. Crim. P. 37(b)(2)(A)(iii)-(iv); Bowery, 189 S.W.3d at 245-46 (citing Pendergrass, 937 S.W.2d at 837). Although we take no satisfaction in dismissing this appeal, we must nonetheless add the Defendant's case "'to the growing heap of appellate fatalities that have resulted when would-be appellants failed to heed the Preston–Pendergrass litany of requirements for certified-question appeals.'" State v. Harris, 280 S.W.3d 832, 836-37 (Tenn. Crim. App. 2008) (quoting State v. Carl F. Neer, No. E2000-02791-CCA-R3-CD, 2001 WL 1180507, at *2 (Tenn. Crim. App. Oct. 8, 2001)). Because this court is without jurisdiction, the appeal is dismissed.

## CONCLUSION

Based on the aforementioned authorities and reasoning, we are without jurisdiction to consider this appeal. Accordingly, the appeal is dismissed.

_____
CAMILLE R. McMULLEN, JUDGE

-8-