IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 27, 2017

FILED
09/05/2017
Clerk of the
Appellate Courts

**STATE OF TENNESSEE v. CHARLES FOWLKES**

**Appeal from the Criminal Court for Hamilton County**
**No. 297534   Don W. Poole, Judge**

_____

**No. E2016-02386-CCA-R3-CD**

_____

The Defendant, Charles Fowlkes, entered a guilty plea to driving under the influence (DUI) in exchange for a sentence of eleven months and twenty-nine days to be served on probation after the service of forty-eight hours in the Hamilton County jail.  The Defendant reserved a certified question of law challenging the denial of his motion to suppress, which alleged that he was unconstitutionally stopped and seized.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., J., joined.  ROBERT L. HOLLOWAY, JR., J., filed a separate concurring opinion.

W. Gerald Tidwell, Jr., Chattanooga, Tennessee, for the Defendant-Appellant, Charles Fowlkes.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Neal Pinkston, District Attorney General; and Andrew Coyle, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On February 17, 2016, the Defendant was indicted by a Hamilton County Grand Jury for one count of DUI and one count of DUI .08% or greater.  Subsequently, the Defendant filed a motion to suppress claiming that the police lacked reasonable suspicion or probable cause to stop the Defendant's vehicle in violation of the Fourth Amendment to the United States Constitution and Article I, Section 7, of the Tennessee Constitution. The trial court held an evidentiary hearing on August 22, 2016.

**Motion to Suppress Hearing.** At the hearing, Officer Jeffrey Buckner of the Chattanooga Police Department testified that he was on duty on April 25, 2015, around 2:30 a.m. when he first observed the Defendant. Officer Buckner was on Market Street when he "viewed pedestrians on the side of the road pointing to a vehicle across the way." Officer Buckner testified that the pedestrians were pointing at a truck "that appeared to be on the curb going back and forth." He observed the truck and noticed that "[i]t did not seem to have enough room to clear out of the parking space, and . . . it did not appear to be turning its tires either to get out . . . either it was coming into the space or leaving the space." Officer Buckner noted that it was a Friday or Saturday night and that there was a bar nearby so he "was getting more concerned that there could be an intoxicated person in that vehicle." Officer Buckner said there were cars in front of and behind the Defendant's truck and that he thought the Defendant's position "could cause a minor accident trying to get . . . out of that spot if [the Defendant] was attempting to leave." Officer Buckner testified that the Defendant's "passenger side tires were on the curb . . . [a]t least to where [Officer Buckner] could notice that the truck was slightly lifted on that side." After observing the Defendant for some time, Officer Buckner pulled up behind the Defendant's truck and activated his blue lights "to alert other motorists of [his] presence." Upon approaching the Defendant's truck, Officer Buckner viewed "two open containers of alcohol in the center console" and "could smell intoxicant coming from the interior of [the truck]." When the Defendant exited the truck, Officer Buckner "confirmed the smell was also coming from [the Defendant]" and administered various field sobriety tests to the Defendant. After the Defendant performed poorly on the field sobriety tests, Officer Buckner arrested him. Officer Buckner testified that the Defendant's blood alcohol level was .122.

Officer Buckner recorded the incident, and part of the video was played during the suppression hearing. Officer Buckner said that he activated his camera about thirty seconds before he turned his blue lights on. The beginning of the video showed a group of pedestrians standing at the corner and at least one of the pedestrians pointing across the street. Officer Buckner pauses, makes a U-turn, and then pulls behind the Defendant's truck. When he approaches the Defendant's truck, which is moving forward and backward in a parallel parking spot, the Defendant stops moving, and Officer Buckner activates his blue lights. The video clearly shows the rear passenger side tires of the Defendant's truck on the curb.

On cross-examination, Officer Buckner testified that he did not speak with the pedestrians who alerted him to the Defendant. Officer Buckner confirmed that, before he turned on his blue lights, he saw the Defendant moving back and forth approximately four times. Officer Buckner acknowledged that some people may have difficulty parking or parallel parking and that the time and location of the Defendant may have influenced his suspicion that the Defendant was intoxicated.

After hearing arguments from counsel, the trial court took the matter under advisement. On September 8, 2016, the trial court entered a written order denying the motion to suppress. The trial court found that Officer Buckner saw the Defendant's passenger side tires on the curb before initiating the stop. Therefore, the trial court concluded, at the time of the stop there was reason to suspect the Defendant of driving or parking on a curb in violation of Chattanooga city traffic ordinance § 32-12, "which prohibits 'driv[ing] or park[ing] on any sidewalk or curb or on any landscape area between the sidewalk and curb on any street in the city.'"

On November 3, 2016, the Defendant entered a conditional guilty plea to first offense DUI.[1] As part of his guilty plea, he purported to reserve a certified question of law under Rule 37 of the Tennessee Rules of Criminal Procedure. The judgment form did not contain the certified question of law. However, a handwritten statement with the trial court's signature was attached to the judgment form and contained the following question:

> Did the trial court err by denying the Defendant's motion to suppress for a lack of probable or articulable suspicion to stop or approach the Defendant[?] The stop or approach was prompted by the police officer's observation of the Defendant's having [sic] difficulty paral[l]el[ ] parking his vehicle early in the morning in downtown Chattanooga. At the time of the stop or approach the Defendant was still paral[l]el[ ] parking his vehicle. This stop or approach resulted in the arrest of the Defendant for DUI. The Defendant asserts that the stop [and] seizure of his person was without reasonable suspicion supported by specific and articulable facts that a criminal offense has been or was about to be committed.

The Defendant filed a timely notice of appeal on November 30, 2016.

## ANALYSIS

The Defendant argues that the trial court erred in finding that Officer Buckner had reasonable suspicion or probable cause to "stop[ ] [the Defendant's] vehicle while still in the process of parallel parking." The State responds that the appeal should be dismissed because the Defendant did not properly reserve a certified question of law, and that, notwithstanding the Defendant's failure to properly reserve the certified question, the trial court properly denied the Defendant's motion to suppress.

---

[1] The guilty plea hearing transcript is absent from the record.

A defendant must properly reserve a certified question before this court has jurisdiction to consider the merits of the question. Tennessee Rule of Criminal Procedure 37(b)(2)(A) allows for an appeal from any order or judgment on a conditional plea of guilty or nolo contendere if the defendant reserves, with the consent of the State and the court, the right to appeal a certified question of law that is dispositive of the case, so long as the following four requirements are met:

> (i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

> (ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

> (iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

> (iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv).

The Tennessee Supreme Court clearly outlined the requirements for reserving a certified question of law in State v. Preston:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a [Tennessee Rule of Appellate Procedure] 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the

- 4 -

defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to [Tennessee Rule of Criminal Procedure] 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

759 S.W.2d 647, 650 (Tenn. 1988).

Additionally, if the judgment does not set out the certified question, the judgment may incorporate by reference or refer to another document that does satisfy Preston's requirements. See State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998). These requirements are mandatory in order to confer jurisdiction on an appellate court following the entry of a guilty plea. State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996); see also State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003) (rejecting "substantial compliance" with the Preston requirements). The burden of properly "reserving, articulating, and identifying the issue" reserved for appellate review rests solely on the defendant. Pendergrass, 937 S.W.2d at 838.

Here, the certified question was handwritten and attached to the judgment form as "Exhibit 1." A handwritten note at the top of the judgment form reads: "This question is expressly reserved as part of the plea agreement. Both the State and the court consent to this reservation. Certified question on attached Exhibit 1." The judgment form does not contain defense counsel's signature, and Exhibit 1 contains only the signature of the trial court. Additionally, neither document contains a statement that the certified question is dispositive of the case.

Based on the aforementioned, the State argues, and we agree, that the Defendant has failed to comply with the Preston requirements by omitting a statement that the trial court, State, and Defendant agree that the certified question is dispositive of this case. See Preston, 759 S.W.2d at 650; see also Tenn. R. Crim. P. 37(b)(2)(A)(iv). Furthermore, the Defendant has failed to include the guilty plea hearing transcript in the record on appeal, which could have clarified the understanding between the State, the

Defendant, and the trial court regarding the certified question at the time the guilty plea was entered. In short, the record provided by the Defendant is lacking in presentation, and it appears that the Defendant is attempting to piecemeal his argument with multiple documents that, standing alone, are insufficient to preserve his certified question. As such, we are compelled to affirm the judgment of the trial court.

## **CONCLUSION**

Based on the aforementioned authorities and reasoning, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE