IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 17, 2019

## STATE OF TENNESSEE v. JONATHAN A. WHEATLEY

**Appeal from the Circuit Court for Houston County**
**No. 2014-CR-19     David D. Wolfe, Judge**

_____

### No. M2019-00071-CCA-R3-CD

_____

After a jury trial, the Defendant, Jonathan A. Wheatley, was convicted of two counts of child abuse and neglect. Subsequently, the trial court ordered a new trial, and the Defendant later pled guilty to one count of child abuse and neglect. As a condition of his guilty plea, he sought to reserve the right to appeal three certified questions of law challenging the trial court's denial of his motion to set aside his two initial convictions. Following our review of the record, we dismiss the appeal because the Defendant failed to properly certify his questions of law in accordance with Tennessee Rule of Criminal Procedure 37(b)(2).

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and CAMILLE R. MCMULLEN, J., joined.

William B. Lockert III, District Public Defender (on appeal); and Matthew T. Mitchell, Jake Lockert, and Richard D. Taylor, Jr., Assistant Public Defenders (at trial and hearings), for the appellant, Jonathan A. Wheatley.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; W. Ray Crouch, Jr., District Attorney General; and Talmage M. Woodall, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND[1]

_____

[1] Because the jurisdictional issue raised by the State is determinative, we limit our factual recount to the relevant procedural aspects of the case.

The March 2014 term of the Houston County grand jury returned an indictment charging the Defendant with one count of aggravated sexual battery of a child younger than age thirteen, a Class B felony. See Tenn. Code Ann. § 39-15-504. In August 2016, a superseding indictment charged the Defendant with an additional count of rape of a child, a Class A felony. See Tenn. Code Ann. § 39-13-522. A second superseding indictment obtained in June 2017 amended the dates of the offenses and changed the indicted offense in Count 2 to aggravated rape of a child. See Tenn. Code Ann. § 39-13-531. The case proceeded to a jury trial on December 14, 2017, after which the Defendant was convicted of two counts of child abuse and neglect, Class A misdemeanors. See Tenn. Code Ann. § 39-15-401.

On December 15, 2017, the Defendant filed a motion to set aside his guilty verdicts, arguing that the statute of limitations for child abuse and neglect had run and that the indictments did not include tolling language. After a December 21, 2017 hearing, the trial court denied the motion. The Defendant thereafter filed a motion to reconsider, and the court sua sponte ordered a new trial.

On April 5, 2018, the Defendant requested that a different judge conduct his new trial, and Judge Larry J. Wallace took over the case. According to judgments dated December 7, 2018, the Defendant pled guilty in Count 1 to child abuse and neglect, and Count 2 was dismissed. The guilty plea transcript was not included in the appellate record. The judgments, which were file-stamped December 11, 2018, stated in the "Special Conditions" box that "Certified Questions [were] attached." In the technical record on appeal, no attachments appeared with the first copy of the judgments. The judgment forms themselves did not set forth the certified questions and contained no statement that the parties and court consented to the reservation of a certified question or that they were of the opinion that it was dispositive.

A December 7, 2018 order, which was filed on December 10, 2018 at 3:00 p.m., stated that "based on the foregoing recommendation" to accept the Defendant's plea agreement, "the following attached Order of Judgment is hereby authorized and incorporated herewith." The next page was a second copy of the judgment in Count 1, which reflected that it was file-stamped the following day on December 11, 2018. The page following the judgment was a document entitled "Certified Questions of Law," which was file-stamped December 10, 2018, at 3:00 p.m. We surmise that the Certified Questions document was the original attachment to the December 7, 2018 order.

The "Certified Questions of Law" document, in its entirety, consisted of the following:

CERTIFIED QUESTIONS OF LAW

1. Whether the Trial Judge erred in denying [D]efendant's motion to set aside the [D]efendant's convictions on a lesser included offense conviction of Child Abuse and Neglect based on the Statute of Limitations as to the lesser included offense?

2. If the indicted felony offenses satisfied the Statute of Limitations requirements, would a jury verdict on lesser included offenses that did not satisfy the Statute of Limitations as to the lesser included offenses be a valid verdict?

3. Did the Trial Judge have authority to order a new trial in this case?

For the record, the originating judge/trial judge in this case was Judge David Wolfe. After Judge Wolfe made the rulings which resulted in the parties ultimately agreeing to the aforementioned certified questions of law, Judge Wolfe recused himself. Judge Larry Wallace subsequently accepted the plea agreement. This appeal is made from Judge David Wolfe's rulings.

The Certified Questions document did not state that the parties were of the opinion the questions were dispositive, nor that the trial court consented to the reservation of the certified questions.

ANALYSIS

On appeal, the Defendant challenges the denial of his motion to set aside the verdicts from his first trial, seeking our review of the certified questions memorialized on the judgment form. The State responds that the Defendant's certified questions are overly broad, do not reflect that the State and the trial court consented to the reservation of the questions, or that the Defendant, the State, and the trial court agreed that they were dispositive of the case. The Defendant has not replied to the State's argument.

Our supreme court first set forth the prerequisites for certifying a question of law in State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). In 2002, our legislature amended Rule 37 to expressly adopt the Preston requirements. The current version of Rule 37 states that a criminal defendant may plead guilty and appeal a certified question of law when the defendant has entered into a plea agreement under Rule 11(c) of the Rules of Criminal Procedure and has "explicitly reserved—with the consent of the [S]tate and of the court—the right to appeal a certified question of law that is dispositive of the case," and the following requirements are met:

(i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

(iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the [S]tate and the trial court; and

(iv) the judgment or order reserving the certified question reflects that the defendant, the [S]tate, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A). Our supreme court has repeatedly made clear that the requirements set forth in Preston, which are now embodied in Rule 37, are "explicit and unambiguous." State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003) (quoting State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998); State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996)).

The State asserts that the Defendant failed to satisfy three of the four requirements for preserving a certified question of law. We are constrained to agree with the State that the Defendant's effort to preserve a certified question of law is deficient for at least two reasons:[2] (1) neither the judgment nor the order contain a statement that the certified questions were reserved with the consent of the trial court; and (2) neither the judgment nor the order reflect that the Defendant, the State, and the trial court are of the opinion that the certified questions are dispositive of the case.

---

[2] We will not address the State's contention that the certified questions fail to identify clearly the scope and limits of the issue presented because we have concluded that there are other fatal deficiencies in the reservation of the certified questions. However, we do note that our supreme court has stated that a certified question without fact-specific references may be sufficient to meet the rule's requirements. See State v. Springer, 406 S.W.3d 526, 531 (Tenn. 2013) (citing State v. Colzie, No. M1998-00253-CCA-R3-CD, 1999 WL 1044111, at *3 (Tenn. Crim. App. Nov. 30 1990) (finding that a certified question was sufficient when it was "evidence that [the] statement of the issue [reflected] the grounds for suppression that [d]efendant asserted at the trial court, even though it could have been more precisely drafted")); see also State v. Harris, 919 S.W.2d 619, 621 (Tenn. Crim. App. 1995) (holding that even though "[t]he issue is not framed according to what might be referred to as standard 'law-school' format," Preston requires only that a certified question "clearly identify the scope and limits of the legal issues reserved").

We acknowledge that the Certified Questions document or order states that the "parties ultimately agree[ed] to the aforementioned certified questions of law[.]" We note that Judge Wolfe's "rulings" on the certified questions, to which Judge Wallace refers, are not included in the record on appeal, and it is not apparent that reserving a certified question was ever discussed in Judge Wolfe's court.[3] As evident from an August 2018 hearing in front of Judge Wallace, the Defendant had not decided to plead guilty in the second trial when Judge Wolfe recused himself from the case.

In any event, case law is clear that

> regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a [Tennessee Rule of Appellate Procedure] 3 appeal . . . must state that the certified question was expressly reserved as part of the plea agreement, that the State and the trial judge consented to the reservation[,] and that the State and the trial judge are of the opinion that the question is dispositive of the case.

Preston, 759 S.W.2d at 650; see also State v. Danny Harold Ogle, No. E2000-00421-CCA-R3-CD, 2001 WL 38755, at *1-2 (Tenn. Crim. App. Jan. 17, 2001) (dismissing appeal due to failure to properly certify question even though transcript of the guilty plea hearing "clearly reveal[ed] that all parties understood that the guilty plea was conditional upon the reservation of a certified question of law" but the same was not reflected on the judgment). Additionally, "the burden is on [the] defendant to see that these prerequisites are in the final order . . . ." Preston, 759 S.W.2d at 650 (emphasis added).

Neither the judgment nor the order containing the certified questions contain the requisite statements that the State and the trial court agreed to the reservation of a certified question or that the Defendant, the State, and the trial court were of the opinion that the certified questions were dispositive of the case. Our supreme court has refused to apply a "substantial compliance" standard to the requirements of Rule 37(b)(2). Armstrong, 126 S.W.3d at 912. Consequently, we have no choice but to add this case "to the growing heap of appellate fatalities that have resulted when would-be appellants failed to heed the Preston-Pendergrass litany of requirements for certified-question appeals." State v. Harris, 280 S.W.3d 832, 836-37 (Tenn. Crim. App. 2008) (citation omitted). Having no jurisdiction to hear the appeal, it must be dismissed.

## CONCLUSION

---

[3] In a March 2018 rehearing of the motion to dismiss, Judge Wolfe discussed having agreed to an interlocutory appeal of the statute of limitations issue. The record is devoid of any information on whether such an appeal was filed.

Based upon the foregoing and the record as a whole, the appeal is dismissed.

_____
D. KELLY THOMAS, JR., JUDGE