# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 14, 2026

## STATE OF TENNESSEE v. ASHLEY DAWN BOYCE

### Appeal from the Circuit Court for Maury County
### No. 30565    Russell Parkes, Judge

_____

### No. M2025-00329-CCA-R3-CD

_____

Defendant, Ashley Dawn Boyce, appeals from the Maury County Circuit Court's denial of her motion to suppress evidence following her guilty plea to driving under the influence. Defendant reserved a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(A). Upon review of the entire record and the briefs of the parties, we conclude that this Court lacks jurisdiction to consider the appeal because the appellate record does not contain a copy of the judgment of conviction. Accordingly, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

David Christensen, Columbia, Tennessee, for the appellant, Ashley Dawn Boyce.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Joshua R. Gilbert, Assistant Attorney General (*pro hac vice*); Brent Cooper, District Attorney General; and J. Victoria Haywood, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

On January 26, 2023, a 911 caller reported that her parked vehicle had been struck by another motorist attempting to vacate a parking space in a Columbia parking lot. The caller initially speculated that the other driver, later identified as Defendant, might be

intoxicated, but she later said she was unsure. The 911 operator instructed the caller to tell Defendant not to leave the scene.

The Maury County grand jury subsequently indicted Defendant for driving under the influence ("DUI"), first offense, and DUI per se with a blood alcohol concentration of 0.20 percent or more. Defendant filed a motion to suppress, arguing that her detention was unlawful.

At the hearing, officers from the Columbia Police Department testified that they responded to the 911 call. Upon arrival, they observed Defendant's vehicle positioned partially on a curb and noted minor damage to the other vehicle. Both responding officers testified that Defendant was not free to leave upon their arrival, even before any interaction occurred. During their investigation, the officers observed signs of intoxication, including slurred speech, watery eyes, and the odor of alcohol. Defendant was arrested for DUI and consented to a blood draw.

Following the hearing, the trial court denied the motion to suppress finding that the directive from the caller to Defendant that Defendant must remain on the scene did not constitute a seizure. The court noted that because Defendant "had not been seized at that point, she was under a continuing obligation to provide information as required" by statute to the owner of the vehicle she struck. As Defendant had not provided her information to the car's owner, the court found that the officers were permitted to begin their investigation of Defendant immediately upon their arrival on the scene and noted that the officers "immediately had reasonable suspicion that there was a crime that was being committed."

On February 11, 2025, Defendant entered a guilty plea and reserved a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(A), which challenged the constitutionality of the initial seizure.

## Analysis

The State argues that because the appellate record does not include the final judgment of conviction entered by the trial court, this Court lacks jurisdiction to consider the merits of Defendant's appeal and thus the appeal should be dismissed. Defendant did not file a reply brief addressing the State's argument nor did he request to supplement the record.

Tennessee Rule of Appellate Procedure 3(b) provides that an appeal as of right in a criminal case lies from any judgment of conviction entered by a trial court from a plea of not guilty or from guilty plea in which a certified question has been properly preserved

pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(A). Additionally, Tennessee Code Annotated section 16-5-108(a) provides that the "jurisdiction of the court of criminal appeals shall be appellate only, and shall extend to review of the final judgment of trial courts" in criminal cases.

Here, the record submitted by Defendant includes Defendant's guilty plea petition and the trial court's order setting out the certified question; however, the record does not include the judgment of conviction. Tennessee Rule of Criminal Procedure 37(b) provides that a defendant or the state may appeal any order or judgment in a criminal proceeding when the law provides for such appeal. Subsection (b)(2)(A) then sets out the requirements when there is an appeal of a certified question. While the rule states that the certified question requirements may be set out in "the judgment of conviction or order reserving the certified question," that language does not obviate the requirement of the entry of the judgment of conviction and its inclusion in the record. Tenn. R. Crim. P. 37(b).

Tennessee courts have established strict requirements for appealing certified questions of law following entry of a guilty plea. In *State v. Preston*, our supreme court held that "the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review." 759 S.W.2d 647, 650 (Tenn. 1988). This requirement makes clear that a final judgment must exist before the certified question appeal process can proceed. Accordingly, in *State v. Irwin*, this Court dismissed an appeal for lack of jurisdiction where "no final judgment of conviction had been entered." 962 S.W.2d 477, 478 (Tenn. Crim. App. 1998). Additionally, our supreme court has made clear that a certified question is dispositive only when the appellate court "must either affirm the *judgment of conviction* or reverse and dismiss the charges." *State v. Dailey*, 235 S.W.3d 131, 134 (Tenn. 2007) (emphasis added); *State v. Walton*, 41 S.W.3d 75, 96 (Tenn. 2001) (quoting *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984)). Without a judgment of conviction in the record, this court lacks an appropriate final judgment to review which is a prerequisite to appellate consideration of a certified question.

Recent decisions support the principle that without a final judgment, appellate courts lack jurisdiction to consider an appeal. In *State v. Benitez*, this Court dismissed an appeal where the record contained transcripts and orders but lacked the judgment of conviction, emphasizing that "without any judgments of conviction in the appellate record, we must conclude that we lack jurisdiction in this case and dismiss the appeal." No. M2023-00074-CCA-R3-CD, 2023 WL 6807203, at *1 (Tenn. Crim. App. Oct. 16, 2023), *perm. app. denied* (Tenn. Mar. 6, 2024). Similarly, in *State v. Ralph*, this Court dismissed an appeal because "the appellant [] failed to include the judgments of

conviction in the appellate record," noting that jurisdiction "only extends to the review of the final judgments of trial courts." No. M2010-00195-CCA-R3-CD, 2011 WL 766941, at *1 (Tenn. Crim. App. Mar. 4, 2011).

The burden rests on the appellant to prepare a record that conveys a fair, accurate, and complete account of what transpired in the trial court. *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993) (citing *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn.1983)); Tenn. R. App. P. 24(a). Because the record does not include the judgment of conviction from which Defendant appeals, this Court is without authority to review the appeal. Accordingly, the appeal is dismissed for lack of jurisdiction.

## CONCLUSION

Based on the foregoing analysis, the appeal is dismissed.


s/*Jill Bartee Ayers*
JILL BARTEE AYERS, JUDGE